**J. E. ASHWORTH, Plaintiff,**

v.

**George O. LETHERT, District Director of Internal Revenue for the District of Minnesota, Defendant.**

No. 3–62–Civ. 22.

United States District Court
D. Minnesota,
Third Division.

May 14, 1963.

James McCollister, St. Paul, Minn., for plaintiff.

John J. Connelly, Asst. U. S. Atty., for defendant.

LARSON, District Judge.

This is an action against the District Director of Internal Revenue to enjoin him from collecting a tax and for other related relief. The plaintiff was an officer and shareholder in a corporation

which became insolvent in 1955. The plaintiff from his own personal funds paid some of the liabilities of the corporation, including net amounts of wages due to employees of the corporation. The defendant subsequently assessed against plaintiff under Section 6672 of the Internal Revenue Code a 100% penalty for the corporation's withholding and social security taxes for the period October 1, 1955, through December 31, 1956, in the sum of $4,142.46. The plaintiff on January 9, 1962, then paid a small part of the tax due and filed a claim for a refund, upon which no action has apparently been taken to date. The plaintiff is now employed by another corporation, which has been levied upon to pay to the Government any and all funds due and owing to the plaintiff up to the amount of $5,108.06. The plaintiff alleges that his employment with this latter corporation is his only means of support, and that enforcement of the levy to collect the penalty erroneously assessed will reduce plaintiff to a state of complete destitution.

The defendant has moved to dismiss the plaintiff's Complaint, relying upon Section 7421(a) of the Internal Revenue Code which provides:

"Except as provided in sections 6212(a) and (c), and 6213(a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

The plaintiff argues that the previous section is inapplicable here, for the tax imposed by Section 6672 is penal in nature and thus is a penalty rather than a tax. Arguments similar to the plaintiff's were recently rejected by the Second Circuit in a case which is precisely parallel to the one at bar. Botta v. Scanlon, 314 F.2d 392 (2d Cir.1963). The Court there noted that the authorities are unanimous in support of the view that suits to restrain the collection of assessments under Section 6672 are prohibited for the reason that the assessment imposed by Section 6672 is "simply a means for insuring that the tax is paid" and is not a criminal penalty. The Court there noted that a showing of irreparable injury was in-

sufficient to overcome the barrier of Section 7421(a), citing the recent case of Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1960).