Walter VUIN, Plaintiff-Appellant,

v.

Melvin J. BURTON, Director of Internal Revenue for Cleveland, Ohio District, Defendant-Appellee.

No. 15371.

United States Court of Appeals Sixth Circuit.

Feb. 21, 1964.

Frank E. Steel, Akron, Ohio (Hershey, Browne, Wilson, Steel, Cook & Wolfe, Christopher T. Cherpas, Cherpas, Manos & Syracopoulos, Akron, Ohio, on the brief), for appellant.

Timothy Dyk, Dept. of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Meyer Rothwacks, George F. Lynch, Attys. Dept. of Justice, Washington, D. C., Merle M. McCurdy, U. S. Atty., Bernard Stuplinski, Asst. U. S. Atty., Cleveland, Ohio, on the brief), for appellee.

Before MILLER and EDWARDS, Circuit Judges, and BOYD, District Judge.

EDWARDS, Circuit Judge.

Plaintiff-Appellant Walter Vuin sought a permanent injunction from a Federal District Judge in the Northern District of Ohio, Eastern Division, to restrain the District Director of Internal Revenue from enforcing two gambling tax assessments totaling $21,092.25. His complaint is that the assessments were based upon numbers slips seized in a police raid on Vuin's home conducted under a search warrant, which Vuin contends was illegally issued and served.

Appellant Vuin argues that the assessments were void because based on an illegal search and seizure and that he will suffer irreparable injury unless the District Court enjoins their enforcement.

The facts upon which Appellant relies on appeal to this Court are set out thus in his Bill of Complaint:

"7. Plaintiff states that the assessments hereinbefore mentioned are based upon documents and evidence illegally and unlawfully obtained in the following particulars: (1) the affidavit for the search warrant was based on insufficient knowledge and belief in that no observation had been made upon which the affidavit was based; (2) the search warrant issued upon the affidavit was unlawful and illegal in that it was not signed by a Court or any one having competent jurisdiction to authorize such search warrant; and (3) that the execution of the warrant if the same be legal, was illegally executed in that the officers attempting to execute said warrant broke into the premises of the plaintiff, to-wit: his home without reciting the fact that they had a search warrant and that the evidence obtained by way of such purported search warrant has been ordered suppressed by the Common Pleas Court of Summit County, Ohio.

"8. Plaintiff further says that even if the Affidavit upon which the search warrant was based was sufficient, that the search warrant was unlawful in that it was not signed by a Court or anyone having competent jurisdiction to authorize such search warrant, and lastly, that the warrant if it be legal, was illegally executed in that the officers attempting to execute said warrant broke into the premises of the plaintiff without notice or without reciting the fact that they had a search warrant and that this occurred during the daytime, and that the evidence obtained by way of such search warrant has been ordered suppressed by the Common Pleas Court of Summit County, Ohio.

"9. Plaintiff further alleges that the assessment as made by the Respondent, the District Director of Internal Revenue, was based upon this evidence illegally obtained as hereinbefore mentioned. * * *"

Appellant's brief and argument suggest in effect that these paragraphs con-

tain well-pleaded facts, which if taken as true on a motion to dismiss, required the District Judge and now require us, to hold that the assessments are illegal and void and to enjoin their collection.

The U. S. Attorney filed a motion to dismiss the action without hearing on the merits, relying on a Federal statute which prohibits an action to enjoin the assessment and collection of taxes.

U. S. District Judge Ben C. Green entered an order dismissing the action. In a memorandum opinion \he based dismissal upon the prohibition against such suits contained in 26 U.S.C.A. § 7421(a), pointed to appellant's statutory remedy of payment of the tax and suit for refund, and held that his Bill of Complaint did not set forth such exceptional circumstances as to warrant the Court's assuming equitable jurisdiction of the case.

■ As a general rule the assessment of a tax is presumptively correct and the burden of proof as to illegality is on the taxpayer. Commissioner v. Hansen, 360 U.S. 446, 468, 79 S.Ct. 1270, 3 L.Ed.2d 1360; Helvering v. Taylor, 293 U.S. 507, 515, 55 S.Ct. 287, 79 L.Ed. 623; Harp v. Commissioner, 263 F.2d 139, 141 (6th Cir. 1959).

Basically this appeal involves still another construction of § 7421(a) of the Internal Revenue Code of 1954:

"Except as provided in sections 6212(a) and (c), and 6213(a), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." 26 U.S.C.A. § 7421(a).

■ This provision has been recently construed by the United States Supreme Court in Enochs v. Williams Packing and Navigation Co., Inc., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292. In it, Chief Justice Warren speaking for a unanimous court, set forth the test to be applied in these cases in the following words:

"Only if it is then apparent that, *under the most liberal view of the law and the facts, the United States*

*cannot establish its claim,* may the suit for an injunction be maintained. Otherwise, the District Court is *without jurisdiction,* and the complaint must be dismissed. To require more than good faith on the part of the Government would unduly interfere with a collateral objective of the Act—protection of the collector from litigation pending a suit for refund." 370 U.S. at 7, 82 S.Ct. at 1129, 8 L.Ed.2d 292. (Emphasis added.)

This test is, of course, in addition to otherwise existing equity jurisdiction in the District Court.

This court likewise has recently dealt with this provision, Licavoli v. Nixon, 312 F.2d 200 (6th Cir. 1963), where we relied upon language of the United States Supreme Court quoted above and stated that more than mere inadequacy of remedy is required to avoid the statutory prohibition.

More recently the Second Circuit in Botta v. Scanlon, 314 F.2d 392 (2nd Cir. 1963), relying on the Williams Packing case, held that the taxpayer must first meet the requirement of showing that the United States cannot under any circumstances prevail. If this is not shown, the District Court is without jurisdiction to consider any other aspect of the case.

In Williams Packing, Licavoli and Botta, injunctive relief was denied the taxpayer because he failed to set forth facts showing that the assessment was only "in the guise of a tax." Miller v. Standard Nut Margarine Co., 284 U.S. 498, 509, 52 S.Ct. 260, 263, 76 L.Ed. 422; Williams Packing, supra, 370 U.S. at 7, 82 S.Ct. at 1129, 8 L.Ed.2d 292. The basic rule of these three cases appears to be that the prohibition contained in 26 U.S.C.A. § 7421(a) is absolute unless the government "under the most liberal view of the law and the facts * * * cannot establish its claim * * *." Williams Packing, supra, 370 U.S. at 7, 82 S.Ct. at 1129, 8 L.Ed.2d 292.

■ The well-pleaded facts contained in the instant Bill of Complaint do not

establish that the government clearly cannot prevail in a hearing on the merits or that this assessment is merely "in the guise of a tax."

Appellant's Bill of Complaint does not claim that the evidence alleged to have been illegally seized is the sole evidence available to the Internal Revenue Department to sustain the tax.

Also, we note no allegation that Appellant was not in fact engaged in gambling which would have rendered him liable for the assessments.

■■ Further, the claimed illegality of the search warrant and the evidence procured thereunder is a legal conclusion rather than a well-pleaded fact. Pauling v. McElroy, 107 U.S.App.D.C. 372, 278 F.2d 252 (D.C.Cir.1960); Sexton v. Barry, 233 F.2d 220 (6th Cir. 1956), cert. denied, 352 U.S. 870, 77 S.Ct. 94, 1 L. Ed.2d 76 (1956); Wise v. City of Chicago, 308 F.2d 364 (7th Cir. 1962), cert. denied, 372 U.S. 944, 83 S.Ct. 934, 9 L.Ed.2d 969 (1963). The conclusion is not conceded by Appellee. The fact that the Common Pleas Court of Ohio in a criminal case filed against Vuin found the search warrant defective, either as to execution or service, and suppressed the evidence, does not represent a legal determination which is binding upon the Federal District Court. Rios v. United States, 364 U.S. 253, 80 S.Ct. 1431, 4 L.Ed.2d 1688; Elkins v. United States, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669.

■ Nor does the taxpayer establish the second of Williams Packing conditions for relief—that of showing equitable jurisdiction otherwise. The general rule is, of course, that equity will not intervene where an appropriate legal remedy is available.

This court in Lassoff v. Gray, 266 F.2d 745 (6th Cir. 1959), held that a taxpayer facing a $300,000 assessment for excise (gambling) taxes and the consequent forced sale of valuable property in order to pay the tax and sue for relief was facing irreparable injury and held equitable jurisdiction was appropriate.

Appellant herein relies strongly on Lassoff. Lassoff, however, was decided prior to Williams Packing, Licavoli and Botta. To the extent that there are distinctions, these latter cases must be regarded as prevailing.

Also, the taxpayers in Lassoff had alleged that they were not engaged in the business of gambling, thereby alleging that the assessment was totally illegal and void, an allegation not present here.

In addition, the sum here is considerably smaller; and there is no allegation of Appellant's inability to pay or to submit a satisfactory bond.

■ Further, in this sort of excise tax the tax is levied upon each transaction, 26 U.S.C.A. § 4401. Thus the taxpayer has the opportunity to test his liability by paying the tax on one wager, filing a claim for refund, 26 U.S.C.A. § 7422, and, if denied, suing to recover same, Flora v. United States, 362 U.S. 145, 171, n. 37, 80 S.Ct. 630, 4 L.Ed.2d 623. While division of a lump sum in circumstances such as the present instance might offer practical difficulties, this taxpayer has been assessed $77.91 for a gambling tax stamp which the government asserts he is liable to pay.

To be entitled to the hearing sought Appellant taxpayer had to carry the "double burden" [1] of showing that he has no adequate remedy at law, and that "it is clear that under no circumstances could the Government ultimately prevail." [2]

We agree with the District Judge that Appellant carried neither.

Affirmed.

1. Botta v. Scanlon, supra 314 F.2d at 394.

2. Enochs v. Williams Packing & Navigation Co., Inc., supra 370 U.S. at 7, 82 S. Ct. at 1129, 8 L.Ed.2d 292.