Marie CHESTER (Mrs. B. M.), Joe Melvin Chester, Sue Marie Chester, R. P. Moore, Betty Moore, and B. M. Chester, Plaintiffs,

v.

A. C. ROSS, Director of Internal Revenue of the District of Georgia, and United States of America, Defendants.
Civ. A. No. 8797.

United States District Court
N. D. Georgia,
Atlanta Division.
April 16, 1964.

**24**

Wesley R. Asinof, Charles R. Smith, Atlanta, Ga., James M. Roberts, Atlanta, Ga., for plaintiffs.

Slaton Clemmons, Asst. U. S. Atty., Atlanta, Ga., for defendants.

MORGAN, District Judge.

Defendant has made a motion to dismiss and in the alternative to strike certain allegations of the complaint in an action brought by plaintiffs to en-

join enforcement of gambling tax assessments. The action instituted by plaintiffs also seeks return of property allegedly seized by agents of the Internal Revenue Service by unlawful search and seizure, and the suppression for use as evidence of all property obtained pursuant to such seizure. The questions presented are whether: (1) Section 7421 (a) of the Internal Revenue Code of 1954 prohibits the Court from assuming jurisdiction over the District Director of Internal Revenue; and (2) plaintiffs' prayer of property obtained by unlawful search and seizure be suppressed for use as evidence and return to the persons aggrieved by such seizure is properly entertainable in this action.

The plaintiffs, in their complaint, make the following allegations:

This action is brought under Title 28, United States Code, Section 2201; Rule 65 of the Federal Rules of Civil Procedure; and Rule 41(a) of the Federal Rules of Criminal Procedure, with jurisdiction of this Court being conferred by virtue of Title 28, United States Code, Section 1340.

On January 29, 1964, agents from the Internal Revenue Service searched certain premises in Atlanta and Ellenwood, Georgia, and seized from these premises various items of property listed on the back of the purported search warrants for the premises, consisting of lottery tickets, adding machines, records, card tables, and savings account pass books, and other items of property. The purported search warrants had been issued on the same date by a United States Commissioner without probable cause and in violation of the Fourth Amendment to the Constitution of the United States. The warrants were illegally executed by the agents by a forcible entrance into these premises without first announcing their purpose. Among the articles of property seized were certain items not described in the search warrants. Following the seizure, the District Director made a jeopardy assessment against the plaintiffs, except B. M. Chester, in the amount of $697,949.08.

Pursuant to this assessment, the agents levied upon certain property belonging to the plaintiffs, including property belonging to B. M. Chester. Subsequent to their arraignment before the United States Commissioner on charges of having violated Sections 4411, 4412 and 7203 of the Internal Revenue Code of 1954, plaintiffs were served with a summons to appear and give testimony' before an Internal Revenue officer.

Plaintiffs further allege that they are not liable for the payment of any excise tax provided for under Section 4401 of the Internal Revenue Code of 1954; that the jeopardy assessment was arbitrary, unreasonable, and without foundation or excuse; and that they are unable to pay the amount of the assessment or to post bond therefor. Plaintiffs pray that the illegally obtained evidence be suppressed and returned to plaintiffs and that the fruits obtained as a result thereof be suppressed and returned; that the jeopardy assessment be declared to be null and void and the property seized thereunder be returned; and that the District Director and his agents be restrained from talking to or harassing plaintiffs and from enforcing the summons issued to plaintiffs.

This matter now comes on before this Court after an oral hearing and argument by both the plaintiffs and the Government on motion to dismiss and in the alternative to strike certain allegations of the complaint.

■ Plaintiffs allege that this action is brought by virtue of Rule 65 of the Federal Rules of Civil Procedure and by virtue of 28 U.S.C. § 2201. Rule 65 does not operate to confer jurisdiction to this Court over the United States. Nor does Section 2201 operate to waive sovereign immunity or to confer jurisdiction to this Court over the United States, but rather to merely enlarge the remedies available to plaintiffs once jurisdiction over the United States has been acquired. Anderson v. United States, (5 C.A.) 229 F.2d 675. Moreover, the statute by its own terms does not authorize its application in contro-

versies with respect to federal taxes. Singleton v. Mathis, 8 Cir., 284 F.2d 616.

Plaintiffs pray in this action that this Court declare the jeopardy assessment to be null and void and order the return to plaintiffs of the property seized by the Government for partial satisfaction of the assessment. Insofar as this prayer constitutes a request for declaratory relief, the Court is without jurisdiction to entertain the action. See discussion, supra.

■ Section 7421(a) provides that no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court. The language of Section 7421(a) is mandatory and precludes granting the relief sought by plaintiffs against the District Director.

In Miller v. Standard Nut Margarine Company, 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422, the Supreme Court of the United States recognized a limited exception to the prohibition of Section 7421 by holding that equity powers to restrain the collection of federal taxes could be invoked if two criteria were shown: (1) the assessment must be shown to be a mere exaction in the guise of a tax; and (2) there must be present unusual and exceptional circumstances. The requirement that both of these tests must be met was explicitly reaffirmed by the Supreme Court in Enochs v. Williams Packing Company, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292, wherein the Court ruled that, in order to be entitled to relief, it must be "clear that under no circumstances could the Government ultimately prevail". The Court further stated on page 7 of 370 U.S., on page 1129 of 82 S.Ct.:

"We believe that the question of whether the Government has a chance of ultimately prevailing is to be determined on the basis of the information available to it at the time of suit. Only if it is then apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction

be maintained. Otherwise, the District Court is without jurisdiction, and the complaint must be dismissed."

The holding in the Williams Packing Company case has recently been interpreted as imposing a "double burden" on the taxpayer of showing that he has no adequate remedy at law, and that clearly under no circumstances could the Government prevail. For a further discussion, see Vuin v. Burton, 6 Cir., 327 F.2d 967 (1964).

The complaint, on its face, must allege facts that show the assessment is a mere exaction in the guise of a tax, and that there are unusual and extraordinary circumstances. If it fails to do so, the Court lacks jurisdiction and the complaint must be dismissed. Dyer v. Gallagher, 6 Cir., 203 F.2d 477. Plaintiffs' complaint does not allege that the assessment is an exaction in the guise of a tax, but merely that "they have not committed any acts which would make them liable for the payment of any excise tax provided for by Section 4401 of Title 26, U.S.C.A., and that said jeopardy assessment was arbitrary, unreasonable, and without foundation or excuse". These statements are not allegations of fact but conclusions of law unsupported by any factual allegations which might tend to explain why the assessment was arbitrary, unreasonable and without foundation or excuse. See Vuin v. Burton, supra.

The plaintiffs' complaint fails to set forth or show the existence of any unusual or exceptional circumstances as defined by the Courts. The allegations in this respect indicate only that the plaintiffs are financially unable to pay the tax or post bond in the amount of the assessment and file a suit for refund. However, it has been consistently held that hardship or inability to pay are not adequate grounds for the Courts to assume equity jurisdiction. McDonald v. Phinney, (C.A. 5) 285 F.2d 121.

One of these plaintiffs, B. M. Chester, who appears to be in a different class from the others, claims that the tax liabilities have not been assessed against him but that the special agents have levied upon his property to pay his wife's tax liabilities. The Court of Appeals for the Fifth Circuit has stated that Section 7421(a) of the Internal Revenue Code of 1954 does not prohibit a nontaxpayer from bringing a suit to enjoin the District Director from proceeding against his property for the satisfaction of the taxpayer's tax liability. Maule Industries, Inc. v. Tomlinson, (5 C.A.) 244 F.2d 897. However, it is impossible to conceive this plaintiff's position or the application of Maule Industries, supra, to this action, since the property referred to in Paragraph 12 of the complaint is apparently property jointly owned by plaintiff and his taxpayer-wife.[1]

Finally, plaintiffs clearly are not entitled to the relief requested in their prayer that the District Director and his agents be restrained from talking to or harassing them and from enforcing the summons described in Paragraph 14 of the complaint. Internal Revenue agents, acting in a governmental capacity, may not be restrained from gathering evidence with regard to a tax investigation, for such an attempt to restrain them constitutes an unconsented suit against the United States. Reisman v. Caplin, C.A. D.C., 317 F.2d 123; Campbell v. Guetersloh, (5 C.A.) 287 F.2d 878.

Plaintiffs allege that this action is brought by virtue of Rule 41(e) of the Federal Rules of Criminal Procedure which provides that "[a] person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property and to suppress for the use as evidence anything so obtained * * *."

Moreover, plaintiffs allege that they have been arraigned before a United States Commissioner under charges of

1. Except as to the 1951 and 1952 2-door Chevrolets.

having violated Sections 4411, 4412 and 7203 of the Internal Revenue Code of 1954.

These claims, then, are claims for relief under the Criminal Rules of Procedure and should be handled in accordance with those rules as an integral part of the criminal proceedings and not, as here, merged into unrelated claims for civil relief. See Di Bella v. United States, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614.

For the reasons stated above, the motion of the defendants to dismiss is hereby granted.