**Alphonzo WILLIAMS, Appellant,**

v.

**Earl R. WISEMAN, District Director of Internal Revenue, Appellee.**

**No. 7586.**

United States Court of Appeals
Tenth Circuit.

June 29, 1964.

Jay W. Whitney, Tulsa, Okl. (Robert E. Jones and Waldo F. Bales, Tulsa, Okl., with him on brief), for appellant.

Ralph A. Muoio, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Meyer Rothwacks, and George F. Lynch, Attys., Dept. of Justice, B. Andrew Potter, U. S. Atty., and Leonard L. Ralston, Asst. U. S. Atty., with him on brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and HILL, Circuit Judges.

MURRAH, Chief Judge.

Appellant brought this action to enjoin the District Director from "collecting or attempting to collect or enforce" a tax lien, covering federal excise (wag-

ering) taxes and occupational stamp taxes assessed against him. The trial Court dismissed the complaint for lack of jurisdiction to grant the relief sought. The only question presented on appeal is whether the complaint states sufficient facts to warrant the equitable relief sought despite the prohibition of 26 U.S. C. § 7421(a), which pertinently provides: " * * * no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." This statute has most recently been construed as prohibiting "suits for injunctions barring the collection of federal taxes when the collecting officers have made the assessment and claim that it is valid." Enochs v. Williams Packing & Nav. Co., 370 U.S. 1, 8, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292. Notwithstanding the seemingly positive prohibition of the statute as construed, the taxpayer seeks to bring his case within judicial exceptions carved out of the statute in Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422, by alleging (1) that the taxes reflected by the tax lien were unlawfully assessed; and (2) that because of the enormity of the assessment, he is utterly unable to pay and sue for refund. And see: Lassoff v. Gray, 6 Cir., 266 F.2d 745.

Noting that the courts below had misinterpreted its decision in the Nut Margarine case, the Supreme Court again considered the applicability of § 7421(a) in Enochs v. Williams Packing & Nav. Co., supra. It is now too plain for doubt that the statute operates as a jurisdictional bar to a suit for injunctive relief unless it is clearly shown that (1) "under the most liberal view of the law and facts, the United States cannot establish its claim * * *"; and, (2) the taxpayer has no available remedy at law. Supra, 370 U.S. p. 7, 82 S.Ct. p. 1129.

The allegations of the instant complaint are to the effect that appellant was not engaged in any business made subject to the wagering tax assessed; that he did not hold a special occupational stamp to engage in such business and could not, therefore, be liable for the occupational tax assessed; and, that the assessments are based upon assumed facts and estimated amounts, and are therefore arbitrary, capricious and wholly void. The assessment of the tax is, of course, presumptively correct and in order to establish federal court jurisdiction for injunctive relief, more is required than bare allegations of illegality, even though such allegations may ultimately be sustained. See: Licavoli v. Nixon, 6 Cir., 312 F.2d 200; Botta v. Scanlon, 2 Cir., 314 F.2d 392; and Vuin v. Burton, 6 Cir., 327 F.2d 967. Attached to the Government's motion to dismiss is an exhibit showing that appellant had been convicted and sentenced upon his plea of nolo contendere to a one-count indictment charging him with conspiracy to evade wagering excise taxes. Moreover, in support of his motion for preliminary injunction, appellant attached a copy of the Statement Of Financial Condition (Internal Revenue Service Form 433), which he apparently submitted to the District Director with an offer in compromise of the alleged illegal assessment. It cannot be said in these circumstances that the Government's claim is wholly without foundation, and under Enochs v. Williams Packing & Nav. Co., supra, § 7421(a) is applicable and requires the dismissal of the complaint.

In this posture of the case, it is unnecessary to consider the adequacy of appellant's legal remedy under the so-called pay-and-sue statute. See: 28 U.S. C. § 1346(a) (1). But it is not inappropriate to observe, however, that the "excise tax assessments may be divisible into a tax on each transaction or event, so that the full-payment rule would probably require no more than payment of a small amount." Flora v. United States, 362 U.S. 145, 175, 80 S.Ct. 630, 646, 4 L.Ed.2d 623 (Footnote 38); and see: Vuin v. Burton, supra.

Affirmed.