**Julius J. KAUFMAN, Plaintiff,**

v.

**Thomas E. SCANLON, District Director of Internal Revenue, Defendant.**

No. 64–C–1114.

United States District Court
E. D. New York.

May 27, 1965.

David S. Meyer, New York City, for plaintiff.

Joseph P. Hoey, U. S. Atty., Eastern Dist. of New York, for defendant; Barry Bloom, Asst. U. S. Atty., Charles A. Simmons, Dept. of Justice Washington, D. C., of counsel.

ROSLING, District Judge.

Defendant, District Director of Internal Revenue (Director), moves for an order pursuant to Fed.R.Civ.P. 12(b) dismissing the complaint for alleged lack of jurisdiction which the complaint bottoms on 28 U.S.C. §§ 1340, 1345 and 26 U.S.C. § 6672 [1] of the Internal Revenue Code of 1954 (IRC).

The action is brought by a taxpayer against the Director and seeks a judgment enjoining him from collecting a 100% penalty assessment purportedly made pursuant to said IRC § 6672 and, additionally, declaring such assessment null and void.

The director cited as barring the injunctive relief sought IRC § 7421 [2] and as precluding a declaratory judgment, 28 U.S.C. § 2201.[3]

Although the reference in the notice of motion to "lack of jurisdiction" suggests that the movant intended to bring himself within the coverage of subsection (1) of Rule 12(b), "lack of jurisdiction over the subject matter," the motion was more broadly based, being in effect one brought under, or, in any event, additionally under, subsection (6). In such situation the court is authorized, as it is not when the subject matter jurisdiction is in question, to treat the motion when "matters outside the pleading are presented to and not excluded by the court * * * as one for summary judgment [to be] disposed of as provided in Rule 56, [in which event] all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

The government did, in fact, present matters de hors the complaint, and specifically asked in its brief that the motion be converted into one for summary judgment. Plaintiff has filed two opposing affidavits, one preceding and the other following the filing of the government's brief. In these affidavits he goes into factual detail appropriate for submission upon a motion for summary judgment, at the same time remarking somewhat pointlessly that "[t]here is no statement in the affidavit [of the Director] concerning the change in motion to consider the same as a motion for summary

1. 28 U.S.C. § 1340 provides that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue, or revenue from imports or tonnage except matters within the jurisdiction of the Customs Court."

§ 1345, ibid., declares that "[e]xcept as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress."

IRC § 6672 reads as follows:

"Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable."

2. IRC § 7421 reads in pertinent part "(a) * * * no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

The "penalties" assessed under § 6672 have been uniformly held to constitute taxes within the intent of § 7421. Botta v. Scanlon, 314 F.2d 392 (2d Cir. 1963); Shaw v. United States, 331 F.2d 493 (9th Cir. 1964); Iraci v. Scanlon, 219 F.Supp. 796 (E.D.N.Y.1963); Ashworth v. Lethert, 218 F.Supp. 668 (D.Minn.1963).

3. 28 U.S.C. § 2201, creating the remedy of declaratory judgment explicitly excludes from its operation controversies "with respect to Federal taxes * * *."

judgment which is set forth in the [Director's] brief on page '10' * * *." Inasmuch as the affidavit from which the foregoing was excerpted was identified by endorsement as "plaintiff's affidavit in rebuttal of defendant's supplemental affidavit" and in its text acknowledged that it had been made "with the permission of the court in [such] rebuttal," plaintiff has had a reasonable opportunity to present all pertinent Rule 56 material within the intent of Rule 12(b).

The defendant's motion is, accordingly, being treated both as a motion for summary judgment [4] and as one brought under Rule 12(b) (1) raising the question of subject matter jurisdiction.

The plaintiff, in his complaint makes the following averments as basis for the relief he seeks:

The defendant Director under authority of IRC § 6672 "made a 100% penalty assessment against plaintiff as an alleged responsible officer of David Cooper, Inc., an alleged New York Corporation," whereas "David Cooper, Inc., never was and is not now a domestic or foreign corporation" and plaintiff "never was and is not now an officer of the corporation and was not required to collect, truthfully account for and pay over any tax imposed by the Internal Revenue Code of 1954."

It is further alleged that the assessment was imposed with respect to unpaid withholding, social security and employment taxes of the "corporation" for the 3rd quarter of 1962, in the sum of $1,-511.14. The complaint asserts that one David Cooper was engaged in the construction business in the conduct of which he hired laborers at various times, including the period in question, that the taxes were withheld or were payable by Cooper individually and that the corporation "was not in existence." No explanation is offered in the complaint of plaintiff's involvement in the David Cooper/David Cooper, Inc. affairs which led the Director to charge plaintiff with liability for the unpaid tax. In plaintiff's opposing and rebuttal affidavits, however, the following circumstances are recited as in plaintiff's view pertinent:

Plaintiff in the complaint had described himself as a salaried employee of A. & S. Management Corp. (A. & S.). His duties were those of a managing agent of apartment houses. Picking up the thread of the narrative in his affidavits, he alleges that David Cooper, requiring funds to operate his contracting business, applied to A. & S. which agreed to lend him the sum of $5,000. Cooper "represented that he was operating as a corporation under the name of David Cooper, Inc. and the loan was [accordingly] made to said corporation. [Plaintiff] was assigned by A. & S. to watch its investment. The loan was made on September 26, 1962, which was after the last pay day in the third quarter of 1962 * * *.[5]

4. See Central Mexico Light & Power Co. v. Munch, 116 F.2d 85 (2d Cir. 1940) in which the appellate court in reviewing the granting by the District Court of defendant's motion to dismiss for lack of federal jurisdiction, commented: "It is not important whether the objection is called a motion to dismiss or one for summary judgment. Since the same relief is sought, the difference in name is unimportant. In any event, the affidavits presented are available on either motion. Federal Rules 6(d), 12(b), 43(e), 56(e), 28 U.S.C.A. following section 723c; Palmer v. Palmer, D.C.Conn., 31 F.Supp. 861; 1 Moore's Federal Practice 645–647." See also 2 Moore's Federal Practice (2d Ed.), ¶ 12.09 [2], pp. 2247 et seq. and cases cited. Cf. Gallogly v. Bakery and Confectionery Workers, etc., 180 F. Supp. 778, 781 (D.R.I.1960).

5. Plaintiff argues from this chronological circumstance that he could not have been liable for the failure under § 6672 "to collect, truthfully account for, and pay over" the tax. We do not read the provision so narrowly. The quarterly return accompanied by the amount reported due in respect of taxes imposed by the FICA or of income taxs withheld would, for the quarter ending 9/30/62, be due 10/31/62 with remittance of the amount due not later than 11/10/62 if the return were accompanied by depositary receipts showing timely deposits in full payment of

"In order to safeguard the investment of A. & S. [plaintiff] was directed to countersign checks and in order to do so, he was required by the bank to sign a resolution to enable him to countersign the checks. [He] had no control over the funds and had no authority over the receipt or payment from the checking account opened by David Cooper, Inc."

The corporate resolution giving plaintiff such authority was filed by the corporation with the bank on 9/18/62. It indicates that plaintiff's statement implying an inability on his part to prevent diversion of corporate funds to the satisfaction of its obligations in derogation of the government's preferred claim for taxes is less than completely accurate.[6] The statement of the Central State Bank which plaintiff submits in proof of his contention that the $5,000 advanced by A. & S. to David Cooper, Inc., and deposited to the credit of the corporation on 9/27/62, was the opening item in the account is less than helpful to his cause. He establishes thereby that funds were available to the corporation immediately after the last payroll period in the third quarter of the year and before the due date for the filing of the return with accompanying payment. The money thus deposited could have been used to satisfy the tax liability. On the other hand, the balance in the account could not have been checked out and applied elsewhere without plaintiff's cooperating signature. That he had contemporaneous knowledge of the tax liability is indisputably clear, for the return for the quarter is signed by plaintiff as "V. Pres." of the taxpayer styled in the return "David Cooper, Inc.", under date of 10/30/62. The "amount of income tax withheld" is reported therein as $1,072.75 and FICA taxes as $882.72. No remittance accompanied the return.

The fact, moreover, that the fund which might have been used to liquidate the tax obligation was derived from advances made by plaintiff's "employer" A. & S. does not dissipate plaintiff's duty, if he was a person within the statutory intent required so to act, to "truthfully account for and pay over such tax." Cf. Frazier v. United States,[7] an action for refund of penalty under § 6672 which plaintiff had paid. Upon trial of Frazier the district court had directed a verdict for the defendant which was affirmed on appeal. The factual analogy referable to the instant situation is to be found in the circumstance that in Frazier the corporation did not have the money to pay the wages of its employees during the relevant quarters and the plaintiff accordingly "advanced to the corporation the net amount of the employees' take home pay." In holding plaintiff liable and denying him the refund he sought, the Court of Appeals commented as follows:

> "While the assets of the corporation were derived principally, if not entirely, from the moneys advanced by Frazier, it is nonetheless without dispute that Frazier, as the responsible officer of the corporation, voluntarily, consciously, and intentionally paid his employees their net

the taxes for the antecedent quarter. Fed.Tax Reg. § 31.6071(a) (Employment Taxes). Although the introductory clause of § 6672 in describing the person subject to liability lists the attributes of his employment in the conjunctive, the violations vis-a-vis the government are declared in the disjunctive. It is a fair and unstrained construction that even though another was required to and did collect the tax, liability attaches to one whose duty it is to account for and to pay over what has been collected and who fails to fulfill such obligation.

6. Copy of bank resolution of David Cooper, Inc., filed with the Central Industrial Bank, certified severally by plaintiff as secretary and David Cooper as president, lists the offices held by them—(plaintiff was also treasurer)—and supplies specimen signatures of both. The certificate, dated 9/18/62, represents that at a directors' meeting held that day a resolution was adopted providing for joint signature by the president (Cooper) and secretary (plaintiff) on all checks, notes, etc. of the corporation. Other provisions usually included in instruments of this nature and here incorporated need not be further noted.

7. 304 F.2d 528 (5th Cir. 1962).

wages at a time when the corporation had insufficient assets to cover the taxes thereon and, when such funds became available, preferred subsequent creditors over the United States."

Frazier was a plenary suit against the government with jurisdiction conceded. To recover, plaintiff would have had to overcome by no more than a mere preponderance of the evidence the presumption enuring to the government from its introduction in evidence of the assessment made.[8]

Here, where plaintiff seeks injunctive relief in face of the bar interposed to suit by § 7421(a), the narrow exception declared in Miller v. Standard Nut Margarine Co.[9] does not avail. The gloss in Enochs v. Williams Packing & Navigation Co.[10] on Nut Margarine citing statutory history in support of its construction of § 7421(a) is as follows:

"The manifest purpose of § 7421 (a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund. In this manner the United States is assured of prompt collection of its lawful revenue. Nevertheless, if it is clear that under no circumstances could the Government ultimately prevail, the central purpose of the Act is inapplicable and, under the Nut Margarine case, the attempted collection may be enjoined if equity jurisdiction otherwise exists. In such situation the exaction is merely in 'the guise of a tax.' Id., 284 U.S. at 509 [52 S.Ct. at 263].

"We believe that the question of whether the Government has a chance of ultimately prevailing is to be determined on the basis of the information available to it at the time of suit. *Only if it is then apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained.* Otherwise, the District Court is without jurisdiction, and the complaint must be dismissed. To require more than good faith on the part of the Government would unduly interfere with a collateral objective of the Act—protection of the collector from litigation pending a suit for refund. And to permit even the maintenance of a suit in which an injunction could issue only after the taxpayer's nonliability had been conclusively established might 'in every practical sense operate to suspend collection of the * * * taxes until the litigation is ended.' Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 299 [63 S. Ct. 1070, 1073, 87 L.Ed. 1407]. Thus, in general, the Act prohibits suits for injunctions barring the collection of federal taxes when the collecting officers have made the assessment and claim that it is valid. Snyder v. Marks, 109 U.S. 189, 194 [3 S.Ct. 157, 160, 27 L.Ed. 901]." [Emphasis supplied.]

Plaintiff, upon the statements in his own papers and the exhibits he sup-

8. United States v. Rindskopf, 105 U.S. 418, 26 L.Ed. 1131 (1881); United States v. Molitor, 337 F.2d 917 (9th Cir. 1964); Vuin v. Burton, 327 F.2d 967 (6th Cir. 1964).

9. 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422 (1932) wherein the Supreme Court upheld, 26 U.S.C. § 154 the predecessor provision notwithstanding a suit to restrain collection of an excise tax on a product alleged to be oleomargarine, but which in fact was another product not subject to the impost. The government did not contest the taxpayer's position as to the nature of the product it marketed, but urged upon the court, without success, the contention that "the statute forbids injunction against the collection of the tax even if erroneously assessed; * * *."

10. 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). See also Botta v. Scanlon, supra, fn. 2; Vuin v. Burton, supra, fn. 8.

plies or does not dispute, fails as matter of law to satisfy the stricture of Enochs' prerequisite to jurisdiction found, that the assessee demonstrate "under the most liberal view of the law and the facts the United States cannot establish its claim" and the Botta and Vuin addendum requiring the existence of extraordinary circumstances as a further basis for the jurisdiction asserted. A showing of extreme hardship resultant from immediate enforcement and irreparable injury in consequence is insufficient to overcome the barrier of § 7421(a).

The motion to dismiss the complaint for want of jurisdiction of the subject matter is, accordingly, granted.[11]

Settle order on notice.

11. An action for a declaratory judgment is not maintainable. The sovereign does not consent to suit when the relief sought is an adjudication "with respect to federal taxes." (28 U.S.C. § 2201). See Botta v. Scanlon, supra fn. 2; Singleton v. Mathis, 284 F.2d 616 (8th Cir. 1960); Etheridge v. United States, 300 F.2d 906 (D.C.Cir.1962); Jolles Foundation v. Moysey, 250 F.2d 166 (2d Cir. 1957).