William F. McDONOUGH, Plaintiff,

v.

H. Allen LONG, District Director of Internal Revenue, Defendant.

Civ. A. No. 69-1058.

United States District Court,
W. D. Pennsylvania.

Feb. 26, 1970.

Martin M. Sheinman, Pittsburgh, Pa., for plaintiff.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for defendant.

## MEMORANDUM ORDER

GERALD J. WEBER, District Judge.

This is a suit to enjoin the District Director of the Internal Revenue Service from using allegedly unlawfully seized material in assessing unpaid wagering taxes against Plaintiff in the amount of $175,000, which are due and owing under the Wagering Tax Laws, 26 U.S.C.A. § 4401, and requiring the return of the seized material. Jurisdiction is based on the Fourth Amendment. The Government has moved to dismiss alleging, inter alia, that this is, in essence, a suit against the Government because the District Director has no proprietary interest in the taxes, they being the sole property of the United States, and the Government has not consented to be sued. We agree that this is a suit against the United States. It is further alleged that the Court lacks subject matter jurisdiction because of the prohibition against suit such as this contained in the Internal Revenue Code, 26 U.S.C.A. § 7421(a):

"Except as provided in sections 6212(a) and (c), and 6213(a), and

7426(a) and (b) (1), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

In order to overcome the bar of this statute, two requirements must be met by the taxpayer: (1) he must demonstrate that under the most liberal view of the law and facts, the United States cannot establish its claim; and (2) he must demonstrate the existence of equitable jurisdiction in the court, i. e., that there is no adequate remedy at law. Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L. Ed.2d 292 [1962]; Vuin v. Burton, 327 F.2d 967 [6th Cir., 1964].

At oral argument counsel for Plaintiff described the search and seizure complained of. Plaintiff was arrested at his home in 1964 by Internal Revenue Service agents for failure to register with the District Director. 26 U.S.C.A. §§ 4401, 4411, 4412. After making the arrest, the agents allegedly searched the basement (Plaintiff was arrested in his living room) and found the incriminating material in a closet. The Government disputes this version of the occurrence, asserting that the agents first asked for and received permission to search before conducting the search. Additionally, the Government alleges that even if there was no waiver of Plaintiff's Fourth Amendment rights, the search was lawful and valid under the law in effect at the time of the search. United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 [1950].

■ On the basis of this disputed version of the facts and an analysis of the complaint, which reveals that the Plaintiff does not allege that the seized material is the only evidence the Government is relying on and does not allege that he was not engaged in gambling, the Court feels that Plaintiff has not established that the Government cannot clearly prevail on the merits. ' Vuin v. Burton, supra.

Lastly, it is clear that the Plaintiff has an available remedy at law and hence this Court will not exercise its equitable jurisdiction. The tax in question is an excise tax. Such taxes are divisible and the Plaintiff may pay the tax on a single transaction and sue in the District Court for a refund. His Fourth Amendment claim would be heard in that suit. Flora v. United States, 362 U.S. 145, 171 fn. 37(b), 80 S.Ct. 630, 4 L.Ed.2d 623; Vuin v. Burton, supra; Williams v. Wiseman, 333 F.2d 810 [10th Cir., 1964].

And now this 26th day of February 1970, the motion of defendant to dismiss is granted, and the within action is hereby dismissed.