488 F.2d 768
 74-1 USTC P 9112
 Wilma L. KIRTLEY, Appellant,
v.
Clyde L. BICKERSTAFF, District Director of Internal Revenue,
and the United States of America, Appellees.
Josephine SCOTT, Appellant,
v.
William H. THOMPKINS, acting District Director of Internal
Revenue, and the United States of America, Appellees.
 Nos. 73-1203 (71-781) and 73-1204 (71-596).
 United States Court of Appeals,
Tenth Circuit.
 Argued and Submitted Aug. 15, 1973.
Decided Dec. 6, 1973.
Rehearing Denied Feb. 1, 1974.
 
 John C. Moran, Oklahoma City, Okl. (Riley Brock, Oklahoma City, Okl., with him on the brief), for appellants.
 Bennet N. Hollander, Washington, D. C. (Scott P. Crampton, Asst. Atty. Gen., Ernest J. Brown and Daniel F. Ross, Attys., Dept. of Justice, and William R. Burkett, U. S. Atty., and Givens L. Adams, Asst. U. S. Atty., of counsel, with him on the brief), for appellees.
 Before LEWIS, Chief Judge, BARRETT, Circuit Judge, and TALBOT SMITH,* District Judge.
 LEWIS, Chief Judge.
 
 
 1
 The dispositive issue in these consolidated appeals is whether original jurisdiction lies in the district courts to grant injunctive relief to claimants seeking to restrain the assessment or collection of taxes under allegation that they are "innocent spouses" within the scope of 26 U.S.C. Sec. 6013(e).[1] Each appellant alleges that she is an "innocent spouse," victimized by an embezzling husband, and entitled to relief by virtue of the cited statute. No specific administrative determination has been made of whether appellants are or are not "innocent spouses" and each now seeks a judicial determination of that issue as a premise for the granting of injunctive relief. The trial court in each case dismissed the actions for lack of jurisdiction, holding, in effect, that Sec. 6013(e) provides no specific grant of special jurisdiction to the courts and that appellants' relief is limited to Tax Court procedure or to district court action for refund after payment.
 
 
 2
 We affirm. Jurisdiction to restrain the assessment or collection of taxes is denied to the courts under the mandate of Sec. 7421 which provides in pertinent part:
 
 
 3
 (a) Tax.-Except as provided in sections 6212(a) and (c), 6213(a), and 7426(a) and (b)(1), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.
 
 
 4
 The prohibition of Sec. 7421 is broad, Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292, and judicial intervention is not allowable simply upon claim of potential hardship, "wrongfulness," or difficulties encountered in procedures other than injunctive relief. We must, therefore, reject appellants' arguments that it is the court's duty to assume jurisdiction because of the claim that appellants are, in fact, "innocent spouses" and are not getting the relief that Congress intended for such persons. The court can grant injunctive relief if, and only if, a legislative or judicial exception to Sec. 7421 exists.
 
 
 5
 None of the legislative exceptions to Sec. 7421 establishes grounds for jurisdiction in these cases. The exceptions provided in Sec. 6212(a) and (c)(1) and Sec. 6213(a) allow injunctions to prohibit assessment of deficiencies, levies, and collection suits unless and until the plaintiff has been sent a notice of deficiency and allowed the statutory time to file a petition for redetermination with the Tax Court. Appellants neither claim nor allege any facts which would place them within these provisions.
 
 
 6
 The exceptions provided in Sec. 7426(a) and (b)(1) do not allow jurisdiction to be exercised here since the section applies only to wrongful levies and does not allow litigation of the assessment itself. In fact, Sec. 7426(c) expressly bars actions concerning the validity of an assessment. Appellants contend only that the levy is wrongful and not that it is defective itself as is required by the statute. Further, the section is available only to persons "other than the person against whom is assessed the tax out of which such levy arose." Here appellants are the persons against whom the tax is assessed; accordingly, the exception does not exist. Nor can appellants properly assert that they are not taxpayers by the expedient of boot strapping their yet unestablished claim to be "innocent spouses" as a jurisdictional basis for a judicial determination of fact perhaps leading to an adjudication that they should not be considered taxpayers. As this court has previously held:
 
 
 7
 The assessment of the tax is, of course, presumptively correct and in order to establish federal court jurisdiction for injunctive relief, more is required than bare allegations of illegality, even though such allegations may ultimately be sustained. Williams v. Wiseman, 10 Cir., 333 F.2d 810, 811.
 
 
 8
 Appellants' contentions fall under the category of "bare allegations of illegality" and, therefore, do not come within the judicial exception to Sec. 7421(a).
 
 
 9
 Nothing in Sec. 6013(e) or its legislative history indicates any intent by Congress to create a new exception to Sec. 7421 or a new procedure for litigating tax questions as the appellants contend. The subject section provides only for a new substantive tax relief element.
 
 
 
 *
 For the Eastern District of Michigan, sitting by designation
 
 
 [1]
 (e) Spouse Relieved of Liability in Certain Cases.-
 (1) In general.-Under regulations prescribed by the Secretary or his delegate, if-
 (A) a joint return has been made under this section for a taxable year and on such return there was omitted from gross income an amount properly includable therein which is attributable to one spouse and which is in excess of 25 percent of the amount of gross income stated in the return,
 (B) the other spouse establishes that in signing the return he or she did not know of, and had no reason to know of, such omission, and
 (C) taking into account whether or not the other spouse significantly benefited directly or indirectly from the items omitted from gross income and taking into account all other facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such omission,
 then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent that such liability is attributable to such omission from gross income.