**Carol Smith SHANNON,
Plaintiff-Appellee,**

v.

**UNITED STATES of America,
Defendant-Appellant.**

No. 74–1922.

United States Court of Appeals,
Ninth Circuit.

July 29, 1975.

Rehearing and Rehearing En Banc
Denied Sept. 15, 1975.

Harry D. Steward, U. S. Atty., San Diego, Cal., Scott P. Crampton, Gilbert E. Andrews, Tax Div., Dept. of Justice, Washington, D.C., for defendant-appellant.

William P. Shannahan, LaJolla, Cal., Higgs, Fletcher & Mack, San Diego, Cal., for plaintiff-appellee.

OPINION

Before TUTTLE*, HUFSTEDLER and WRIGHT, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

The government appeals from two orders by which the district court (1) denied the defendant's motion to dismiss for lack of jurisdiction and (2) granted a preliminary injunction against the Inter-

* Senior Circuit Judge for the Fifth Circuit.

nal Revenue Service (IRS) enjoining the enforcement of a levy against Shannon's assets. This court has jurisdiction under 28 U.S.C. § 1292(a)(1).[1]

## FACTS

On August 1, 1973 a jeopardy assessment was made against C. Arnholt Smith for over $22.8 million for unpaid 1969 income taxes. On October 3 of that year a notice of levy was served upon Carol Smith Shannon, appellee, as the alleged nominee, agent, or transferee of Mr. Smith.

The notice of levy for approximately $23.3 million sought to attach all of Smith's interest in $478,366.35 allegedly withdrawn by Shannon from an account in the United California Bank about August 3, 1973.

About October 19, 1973, pursuant to 26 U.S.C. §§ 6861(a) and 6901 (I.R.C.1954),[2] a jeopardy transferee assessment was made against Shannon for over $2.6 million, a notice of levy was served and a lien filed against Shannon's property in the county recorder's office. The amount of the transferee assessment was later reduced to $630,635.90 and on December 11 a statutory notice of deficiency in the amount of the transferee assessment was issued to Shannon.

She then sought an injunction against the enforcement of the levy and other relief. The United States, appellant, moved for dismissal. The district court denied the motion to dismiss and granted the preliminary injunction pending a determination of the action on its merits.

## ISSUES

(1) Did the district court have jurisdiction under 28 U.S.C. § 1346(e)?

(2) If not, did the district court have jurisdiction on any other basis? We answer both questions in the negative.

## DISCUSSION

 The provisions of 26 U.S.C. § 7421 (I.R.C.1954) provide the backdrop against which both issues must be discussed.[3] Section 7421 not only prohibits suits to restrain the assessment or collection of a tax, but also prevents the district court from granting such equitable relief. *Enochs v. Williams Packing Co.,* 370 U.S. 1, 5, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). Unless one seeking to enjoin the IRS brings herself within a statutory or judicially-created exception to § 7421, the district court has no jurisdiction and the suit for injunction is barred. 370 U.S. at 7, 82 S.Ct. 1125.

The district court based jurisdiction on 28 U.S.C. § 1346(e), the jurisdictional counterpart of U.S.C. § 7426 (I.R.C.1954). Applicable provisions of § 7426 give a civil action against the United States to

---

**1.** "It is also established that an appeal from an order granting a preliminary injunction supports a review of an order denying a motion to dismiss, even though standing alone the latter would not be appealable." *Genosick v. Richmond Unified School District,* 479 F.2d 482, 483 (9th Cir. 1973); 9 *Moore,* Federal Practice section 110.25[1].

**2.** § 6901 in pertinent part provides

"(a) The amounts of the following liabilities shall . . . be assessed, paid, and collected in the same manner and subject to the same provisions and limitations as in the case of the taxes with respect to which the liabilities were incurred:

. . . . .

(A) Transferees.—The liability, at law or in equity, of a transferee of property—

(i) of a taxpayer in the case of a tax imposed by subtitle A (relating to income taxes)."

**3.** Applicable portions of § 7421 provide:

"(a) *Tax.*—Except as provided in section . . . 7426(a) and (b)(1), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

"(b) *Liability of transferee* . . ..—No suit shall be maintained in any court for the purpose of restraining the assessment or collection . . . of—

(1) the amount of the liability, at law or in equity, of a transferee of property of a taxpayer in respect of any internal revenue tax . . . .."

third persons whose assets have been wrongfully levied against by the IRS.[4]

Shannon argues that despite being assessed as a transferee she comes within the provisions of § 7426 and the district court thus has jurisdiction under § 1346(e). She reasons that: the prohibition of § 7421(b)(1) applies only to an actual transferee; the IRS was wrong in assessing her as such and the district court should therefore find that she is not a transferee; and once found not to be a transferee the injunction should be granted under § 7421(a) with its § 7426 exception.[5]

■ The fatal flaw in this analysis is that it fails to take into account the literal language of § 7426. Clearly, the section was not intended for those assessed as transferees.

First, the § 7426 remedies are denied to "the person against whom is assessed the tax out of which such levy arose." [6] The undeniable fact is that the October 19 jeopardy transferee assessment was made against Shannon herself. That assessment is the one out of which the levy arose.

■ Shannon argues that it is Smith, not she, contemplated by § 7426 when it speaks of "the person against whom is assessed the tax . . . ." This may have been true at the time of the first levy (October 3).[7] It certainly was not true of the second (October 23), made after she was assessed in her own right as a transferee. One who has been assessed as a transferee cannot argue that the assessment was not made against her.

■ Second, one who sues under § 7426 cannot challenge the validity of the assessment. 26 U.S.C. § 7426(c) (I.R. C.1954).[8] Shannon sought to enjoin the levy as wrongful under § 7426 because she was "not the transferee of C. Arnholt Smith," i. e., she had been improperly assessed as such. She was thus challenging the validity of the transferee assessment which is foreclosed by § 7426(c).[9]

---

4. The applicable portions of § 7426 provide
 "(a) *Actions permitted.—*
 (1) *Wrongful levy.*—If a levy has been made on property . . . any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in . . . such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. . . .
 "(b) *Adjudication.*—The district court shall have jurisdiction to grant only such of the following forms of relief as may be appropriate in the circumstances:
 (1) *Injunction.*—If a levy . . . would irreparably injure rights in property which the court determines to be superior to rights of the United States in such property, the court may grant an injunction to prohibit the enforcement of such levy . . . ."

5. Since the district court did not find that Shannon was not a transferee, there was no § 1346(e) jurisdiction even under Shannon's reasoning.

6. *See* note 4, *supra.*

7. We do not decide whether Shannon could have brought her § 7426 action at that time. Shannon argues that she could have and assuming that fact, argues that the IRS should not be allowed to destroy the § 7426 remedies by "utilizing the mechanical . . . provisions of § 6901." This ignores the fact the section was intended for the relatively "remedyless" third person, not for transferees who have the same remedies as taxpayers. *See* note 9, *infra.*

8. § 7426:
 "(c) *Validity of the Assessment.*—For purposes of an adjudication under this section, the assessment of tax upon which the . . lien of the United States is based shall be conclusively presumed to be valid."

9. *Cf. Kirtley v. Bickerstaff,* 488 F.2d 768, 770 (10th Cir. 1973), *cert. denied* 419 U.S. 828, 95 S.Ct. 47, 42 L.Ed.2d 52 (1974); *Enterprises Unlimited v. Davis,* 340 F.2d 472, 474 (9th Cir. 1965). Although the parties assessed in these cases were primarily liable (appellee here is only secondarily liable), the common element is that they were in fact assessed as individuals. Both cases held that once the assessment is made, the individual assessed is barred from challenging the validity of the assessment.

Finally, legislative history indicates that it was not the intent of Congress to make § 7426 available to persons assessed as transferees.[10]

Our decision does not leave ·Shannon without a remedy. On the contrary, a transferee has available the same avenues as a taxpayer who seeks judicial review to challenge the government's collection efforts against him. She may bring a refund suit in district court or a petition to the Tax Court for a redetermination of the deficiency. *Philips v. Commissioner,* 283 U.S. 589, 597–598, 51 S.Ct. 608, 75 L.Ed. 1289 (1931).

Having decided that § 7426 is not available to a transferee, we conclude that the district court did not have jurisdiction under § 1346(e).[11]

Since § 1346(e) did not confer jurisdiction on the district court in the circumstances of this case, it did not have jurisdiction to entertain this action unless the bar of § 7421(b) was inapplicable.[12] However, that section is applicable unless the plaintiff establishes two factors: (1) certainty of success on the merits and (2) irreparable injury. *Bob Jones University v. Simon,* 416 U.S. 725, 737, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974); *see also Enochs v. Williams Packing Co.,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962); *Miller v. Standard Nut Margarine,* 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422 (1932); *Westgate-California Corp. v. United States,* 496 F.2d 839, 842–43 (9th Cir. 1974).[13] Shannon failed to establish certainty of success on the merits.

---

**10.** Section 7426 was added to the Internal Revenue Code of 1954 by the Federal Tax Lien Act of 1966, P.L. 89–719, 80 Stat. 1142, Sec. 110(a). Prior to that, the United States could not be sued by third persons where its collection activities interfered with third party property rights. This included the situation where the government wrongfully levied upon the property of a third person in an attempt to collect from a taxpayer. H.Rep. No. 1884, 89th Cong., 2d Sess., p. 27 (1966–2 Cum.Bull. 815, 834). As stated by the Committee Report, it was for this reason, *inter alia,* that the bill provided for wrongful levy actions brought by nontaxpayers. H.Rep.No. 1884, *supra* p. 28 (1966–2 Cum.Bull., *supra,* p. 834). Clearly the act was not meant to apply to suits by those assessed as transferees. They already had two avenues of judicial review at the time the Act was passed. *Phillips v. Commissioner,* 283 U.S. 589, 597–598, 51 S.Ct. 608, 75 L.Ed. 1289 (1931).

We note that Section 110(c) of Federal Tax Lien Act of 1966, *supra,* amended § 7421(a) of the Internal Revenue Code of 1954 by adding a proviso that the § 7421(a) prohibition on suits to restrain the assessment or collection of any tax did not apply to actions under § 7426(a) and (b)(1). No similar amendment was made to § 7421(b) prohibiting transferee injunction suits (*see* note 2, *supra*), clear evidence that Congress did not intend that § 7426(a) would be available to transferees.

That latter section was developed by Congress in cooperation with the American Bar Association's Special Committee on Federal Tax Liens. House Hearings before the Committee of Ways and Means on Priority of Federal Tax Liens and Levies, 89th Congress, 2d Sess., pp. 64–65. The Final Report of that

Committee had a provision (§ 7431) similar to § 7426(a). Hearings, *supra,* p. 159. The Final Report (Hearings, *supra,* p. 192) said:

"* * * [This provision was] intended to codify the procedural rights of third parties whose property is seized or threatened with seizure for the tax liabilities of another. It has no application to the rights of the person against whom an assessment is made, whether as taxpayer, *transferee,* or otherwise. *Procedures available to such persons are provided by existing provisions of the Code.*" (Emphasis added.)

We find nothing in the entire legislative history of § 7426 which would indicate that this concept of the statute was ever rejected.

**11.** Jurisdiction was not alleged under 28 U.S.C. § 1340 ("actions arising under an Act of Congress providing for the internal revenue").

**12.** "The courts, moreover, have uniformly held that the proscription of Section 7421 applies to suits to restrain the collection of jeopardy assessments as well as to ordinary assessments."

*Transport Manufacturing & Equipment Co. of Del. v. Trainor,* 382 F.2d 793, 797 (8th Cir. 1967) and the cases collected there.

**13.** These cases dealt with § 7421(a) and its predecessor, § 3224 Rev.Stat. However, since the enactment of § 7421(b) "the courts have treated requests for injunctions in transferee cases in the same fashion as in cases involving the original taxpayers, and subject to the same exception regarding extraordinary circumstances . . . ." [Footnotes omitted.] 9 *Mertens,* Law of Federal Income Taxation (1971 Revision) § 49.210 (p. 394).

When the district court granted the preliminary injunction the record was limited to the complaint and three unilluminating affidavits. Shannon's complaint made a number of conclusory allegations (e. g., that "she is not the transferee of [Smith]" and that she is "the true owner of all assets levied upon by Defendant") which were neither supported by any factual allegation nor established by any evidence.

■ This was insufficient to meet the stringent *Miller-Enochs-Bob Jones* test. The burden of proof was on the plaintiff (*Westgate, supra,* at 843) and was not met by mere bald assertions. *See, e. g., Cole v. Cardoza,* 441 F.2d 1337, 1341–1342 (6th Cir. 1971), *Collins v. Daly,* 437 F.2d 736, 739 (7th Cir. 1971), *Williams v. Wiseman,* 333 F.2d 810, 811 (10th Cir. 1964), and *Cooper Agency, Inc. v. McLeod,* 235 F.Supp. 276, 284 (E.D.S.C. 1964, aff'd *per curiam* 348 F.2d 919 (4th Cir. 1965) (complaint alleged that plaintiffs were not transferees because at no time were transfers made without full, fair, and adequate consideration). Thus, the court could not have inferred a complete lack of merit in the government's case.[14]

Because Shannon did not establish certainty of success on the merits, we need not inquire whether she established irreparable injury.[15] *United States v. American Friends Service Com.,* 419 U.S. 7, 10, 95 S.Ct. 13, 42 L.Ed.2d 7 (1974).

Shannon did not demonstrate that the district court had jurisdiction and the motion to dismiss should have been granted. The order granting the preliminary injunction is reversed and the cause is remanded to the district court to dismiss the complaint for want of jurisdiction.

14. The district court did not find that the government could not ultimately prevail on the merits.

15. The district court found that Shannon would suffer irreparable harm for which she

had no adequate legal remedy. This was based on her allegations that the assessment and levy had the effect of freezing her assets so that she could not meet current obligations and of severely damaging her credit rating.