440 F.2d 1186
 Randolph THROWER, Acting Commissioner of Internal Revenue Service, Lewis J. Conrad, District Director of Internal Revenue Service for the District of Alaska, Fred A. Kings and Peter Gatz, Appellants,
v.
Bertis W. MILLER, Appellee.
 No. 24245.
 United States Court of Appeals, Ninth Circuit.
 March 23, 1971.
 Rehearing Denied April 22, 1971.
 
 Issie L. Jenkins (argued), Dept. of Justice, Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson and Crombie J. D. Garrett, Attys., Dept of Justice, Washington, D. C., for appellants.
 John S. Hedland (argued), Anchorage, Alaska, for appellee.
 Before DUNIWAY, WRIGHT and KILKENNY, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from a preliminary injunction enjoining appellants from, among other things, attempting to collect from appellee, or his employer, certain internal revenue assessments made by appellants on September 12, 1962.
 
 FACTUAL SETTING
 
 2
 In February, 1969, appellee filed a complaint in the district court asking that appellants be enjoined from further collecting, or attempting to collect from him, or his employer, the withholding tax assessed by appellants against the taxpayer on September 12, 1962, and for other injunctive relief, including, a decree enjoining appellants from asserting the legality of a waiver of the statute of limitations signed by appellee on August 19, 1968. Taxpayer's alleged liability arose out of his failure to file employer's withholding tax returns from 1960 through early 1962, during a period when he owned and operated an incorporated janitorial service. The amount of the withholding taxes and a 100% penalty were assessed against taxpayer on the date above mentioned. Outstanding at the time appellee filed his complaint, unless barred by the statute of limitations, were withholding taxes, in a substantial sum. With his complaint, the appellee filed two affidavits and an application for a preliminary injunction. Appellants filed a motion to dismiss. After a hearing on the pending motions, the court denied the motion to dismiss and granted a temporary injunction.
 
 ISSUE
 
 3
 The sole issue before us is whether the district court erred in holding that the circumstances of appellee's case brought him within a judicially created exception to the statutory prohibition against suits to enjoin the assessment and collection of a tax.[1]
 
 
 4
 Appellee concedes that his case does not fall within any of the exceptions enumerated in the statute. It is his contention, followed by the court below, that his charge of fraud in the procurement of the waiver which extended the period of the statute of limitations, places his case within the judicially created exception to the statute first articulated in Miller v. Std. Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422 (1932), and later clarified in Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), and the recent Second Circuit case of Pizzarello v. United States, 408 F.2d 579 (2d Cir. 1969).
 
 
 5
 In order to fall within the perimeter of the rule stated in the mentioned cases, the appellee must show: (1) that the case is one in which it is apparent that under the most liberal view of the law and the facts, the government cannot establish its claim, and (2) equity jurisdiction must otherwise exist.
 
 
 6
 Assuming, arguendo, that the charges of fraud in the complaint and in the affidavits are sufficient to call into play the equitable jurisdiction of the court to cancel the instrument in question, we, nevertheless, cannot say that under the most liberal view of the law and the facts, the government cannot establish its claim. We commence with the premise that the self-evident purpose of § 7421(a) is to permit the government to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for a refund or in a proceeding before the tax court. In this manner, it has been said, the United States is insured of prompt collection of its lawful revenue. However, if it is clear that under no circumstances can the government ultimately prevail, the overall scheme of the Act is inapplicable and under the doctrine taught in Nut Margarine, the attempted collection may be enjoined, if equity jurisdiction otherwise exists.
 
 
 7
 In order to determine whether the government has a chance of ultimately prevailing, the court must look to the evidence presented at the time of the suit. Only if it is then manifest, under the most liberal view of the law and the facts, that the government cannot prove its claim, may the suit for an injunction be maintained.
 
 
 8
 The evidence before the court at the time of the hearing on the motion for a temporary injunction consisted of the allegations in plaintiff's complaint, the affidavit of the plaintiff, the affidavit of one of plaintiff's attorneys and the affidavit of the Internal Revenue Agent who was personally in charge of the negotiations leading up to the signing of the challenged waiver. On a number of material issues, the affidavit of the appellee and his attorney are in direct conflict with statements on the same subject in the affidavit of the Internal Revenue officer. If the statements in the officer's affidavit are to be believed, the government, beyond question, has an excellent chance of ultimately prevailing. Certainly, there is nothing in the undisputed facts which would indicate that the government's case is a lost cause.
 
 
 9
 Inasmuch as the record before us makes it clear that the government's claim may well be grounded on a good faith claim of liability, we must set aside the temporary injunction and remand the case to the district court with directions to dismiss the complaint.
 
 
 10
 It is so ordered.
 
 
 
 Notes:
 
 
 [1]
 26 U.S.C. § 7421
 "(a) Tax. — Except as provided in sections 6212(a) and (c), 6213(a), and 7426 (a) and (b) (1), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."