Martha J. Brown KAESTNER, Plaintiff,

v.

Frank S. SCHMIDT, District Director of Internal Revenue, Los Angeles Dist., United States of America, Defendants.

No. 71-70.

United States District Court,
C. D. California.

May 6, 1971.

Wyshak & Wyshak, Los Angeles, Cal., for plaintiff.

Robert L. Meyer, U. S. Atty., Charles H. Magnuson, Asst. U. S. Atty., Chief, Tax Div., Mason C. Lewis, Asst. U. S. Atty., Los Angeles, Cal., for defendants.

## ORDER GRANTING AND DENYING SUMMARY JUDGMENT

DAVID W. WILLIAMS, District Judge.

In this action, plaintiff seeks to enjoin the District Director of Internal Revenue for the Los Angeles District from collecting income taxes assessed against her for the years 1959, 1960 and 1961. Plaintiff asserts that the notices of deficiency sent to her for each of these years did not comply with statutory requirements and that any subsequent assessment is therefore invalid and enjoinable under section 6213 of the Internal Revenue Code. Plaintiff also asserts that the Internal Revenue Service represented to her that it would refrain from attempting to collect taxes for these years, that plaintiff relied on these representations, and that therefore the defendant should be estopped from attempting to collect the taxes.

In an Order entered February 1, 1971, this Court denied plaintiff's request for a preliminary injunction. The Government subsequently filed the present motion for summary judgment. Under Rule 56(c) of the Federal Rules of Civil Procedure, a motion for summary judgment may be granted only if "there is no genuine issue as to any material fact and * * * the moving party is entitled to judgment as a matter of law." All inferences of fact from the proof offered by the parties must be drawn against the movant and in favor of the party oppos-

ing the motion. United States v. Diebold, Inc., 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed. 2d 176 (1962). Because the merit of defendant's motion for summary judgment differs with respect to the various issues raised by plaintiff in this action, this Court shall consider the propriety of the motion with respect to each of these issues separately.

## STATUTORY GROUNDS

Plaintiff asserts that the IRS must be enjoined from attempting to collect any taxes from her because it failed to give her adequate notice of its assessment of deficiency. Section 6213(a) of the Internal Revenue Code prohibits the Government from assessing or prosecuting an alleged tax deficiency unless proper notice as provided in section 6212 has been first given to the taxpayer and authorizes a taxpayer who has not received such notice to institute injunction proceedings in the District Court:

> " * * * No assessment of a deficiency in respect of any tax imposed * * * and no levy or proceeding in Court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer * *. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court." 26 U.S.C. § 6213(a).

In the present action plaintiff asserts that the defendant failed to observe one or more of the notice procedures set forth in section 6212 with respect to each notice of deficiency sent to her.

### The 1961 return

■ Plaintiff asserts that the notice of deficiency for the taxable year 1961 was defective because not in compliance with section 6212(a)'s provision that the Secretary "is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail."

There are no factual issues in dispute with regard to this notice of deficiency.

Both parties agree that the notice was mailed to plaintiff at her Los Angeles address while she still lived there. Both parties furthermore agree that, while the notice of deficiency was sent to her by certified or registered mail, a supplementary form, detailing the reasons for the Government's determination of deficiency and referred to in the orginal notice, was sent to plaintiff in a separate mailing unregistered and uncertified.

The issue disputed by the parties is one of law. Plaintiff contends that the failure to send the supplementary report via registered mail violates the notice requirements of section 6212(a) and the defendant disagrees. As this Court held in its Order Denying Preliminary Injunction, although section 6212(a) states that the notice of deficiency may be sent by registered mail, it does not require that any other communication, such as the detailed report sent to plaintiff, be sent by registered mail. Therefore, with respect to the issue of its compliance with statutory requirements in the notice of deficiency sent to plaintiff for 1961, the defendant is entitled to summary judgment.

### The 1960 return

■ Plaintiff contends that the notice of deficiency sent to her for the year 1960 was defective because mailed to the wrong address. Section 6212(b) (1) requires that notice of deficiency be "mailed to the taxpayer at his last known address." The IRS mailed its notice of deficiency as to the taxable year 1960 to plaintiff at her Los Angeles address on February 11, 1966. On the previous day, February 10, 1966, her divorce having become final, plaintiff had moved to Wisconsin. In her complaint, plaintiff alleges that the IRS "had knowledge of the fact that plaintiff and her then husband had separated, were living apart, had divorced, and plaintiff had moved to Wisconsin." (Complaint, page 5, ¶ 14.) Assuming, over the Government's denial, that plaintiff's allegation is true, it does not create a statutory violation. Even if at the time of the mailing the IRS knew

plaintiff had moved to Wisconsin, it did not violate the statute if it did not know plaintiff's mailing address in Wisconsin. Neither in her complaint nor in her two subsequent affidavits has plaintiff ever asserted that the IRS did know her Wisconsin address on the date it sent her the notice of deficiency. Despite vague suggestions to the contrary, plaintiff has not actually contested the Government's assertion that on February 11, 1966, plaintiff's Los Angeles address was her last known address. Consequently, the Government is entitled to summary judgment with respect to the issue of its compliance with section 6212 in its notice of deficiency for the taxable year 1960.

### The 1959 return

Plaintiff claims two statutory violations with respect to the notice of deficiency sent to her for the year 1959. She alleges that the notice violated section 6212(b) (2) because the 1959 return was a joint return and no notice of deficiency was sent to her ex-husband, and also, that the notice violated section 6212(b) (1) because it was not sent to her last known address.

█ Section 6212(b) (2) provides that "in case of a joint income tax return * * * if the Secretary or his delegate has been notified by either spouse that separate residences have been established, then, * * * a duplicate original of the joint notice shall be sent by certified mail or registered mail to each spouse at his last known address." In order to establish a violation of this section, plaintiff must establish that the 1959 return filed by her former husband was a joint return. However, in a suit brought by plaintiff's ex-husband in the Tax Court, the Tax Court found that the 1959 return was a separate return. Whether or not this Court making an independent determination would find the 1959 return to be joint or separate, this Court finds that the Government was entitled to rely on the Tax Court's characterization of the return as separate and was therefore not required to send a duplicate copy of the notice of deficiency to plaintiff's ex-spouse.

█ Plaintiff's second ground for objecting to the notice of deficiency sent to her for the year 1959 may have merit. The IRS mailed this notice on March 31, 1970, to plaintiff at her Wisconsin address. Plaintiff had moved from her Wisconsin address to Florida six months earlier. In her affidavits, plaintiff asserts that prior to the mailing of the notice of deficiency, an IRS agent had visited her at her place of business in Florida, that she had given the agent her home address in Florida, and that her "last known address" was therefore in Florida. The Government concedes that at the time the IRS mailed the notice of deficiency for 1959, it knew that plaintiff was living in Florida. The Government contends, however, that it did not know if Florida was plaintiff's permanent place of residence or if plaintiff maintained her Wisconsin residence and was in Florida on a seasonal or temporary basis. The Government points to the fact that plaintiff filed a financial statement with the IRS in September of 1970 indicating her residence to be Wisconsin as evidence that Wisconsin was plaintiff's permanent address at the time the notice of deficiency was sent.

Given this considerable factual dispute, summary judgment would be improper. Defendant's request for summary judgment as to the issue of the adequacy of the notice of deficiency for the taxable year 1959 is therefore denied.

### ESTOPPEL ARGUMENT

█ Plaintiff's non-statutory basis for enjoining the Government from attempting to collect taxes from her for the years 1959, 1960, and 1961, is essentially that of estoppel.

It is undisputed that subsequent to an IRS assessment of income tax deficiency for the years 1959, 1960, and 1961 against plaintiff's former husband, Dr. M. Hunter Brown, the latter brought suit in the Tax Court contesting these assessments on behalf of both himself

and the present plaintiff. The parties agree that an IRS attorney thereafter visited the plaintiff at her Wisconsin address, informed her of the Tax Court proceedings, and told her that if she would sign an affidavit for the IRS, it would have her dismissed from these proceedings. Plaintiff signed the affidavit, appeared at the Tax Court proceeding, and cooperated with the Government. On motion of the Commissioner of Internal Revenue, she was then dismissed from that proceeding as a party-plaintiff.

The parties' dispute centers on the extent of the Government's offer to dismiss proceedings with respect to the plaintiff. Plaintiff asserts that when the IRS offered to dismiss her from the proceedings brought by Dr. Brown, it also indicated, whether expressly or impliedly, that it would never thereafter attempt to assess any tax liability against the plaintiff for the years 1959, 1960, and 1961, and that it is therefore estopped from proceeding at the present time. The Government contends that the IRS attorney informed plaintiff that if she signed the affidavit, the IRS would dismiss her from the proceedings brought by Dr. Brown, but would remain free to institute proceedings against her later.

With limited exceptions as that created by section 6213, suits to enjoin the IRS from collecting taxes are generally barred. Section 7421(a) of the Internal Revenue Code provides that "Except as provided * * * no suit for the purpose of restraining the assessment or collection of any tax shall be maintained. * * *" In addition to the statutory exceptions to this general prohibition, it is well-settled that attempted collection of taxes can also be enjoined "if it is clear that under no circumstances could the Government ultimately prevail." Enochs v. Williams Packing, 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962).

The requirement that the Government be clearly unable to prevail is a standard, not of proof, but of jurisdiction. If the Government's collection activities are not clearly improper, the suit must be dismissed. As the Court stated in *Enochs*, *supra*,

"We believe that the question of whether the Government has a chance of ultimately prevailing is to be determined on the basis of the information available to it at the time of suit. Only if it is then apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained. Otherwise, the District Court is without jurisdiction, and the complaint must be dismissed."

This Court is precluded from granting the defendant's motion for summary judgment with respect to plaintiff's estoppel claims not only because there are material issues of fact disputed, but because it has no jurisdiction over these claims. In view of the conflicting evidence and the Government's assertion, supported by affidavits, that it did not represent to plaintiff that it would refrain from attempting to collect taxes from her for the years 1959, 1960, and 1961, it is not clear that the Government is estopped from presently proceeding against the plaintiff. Consequently, this Court has no jurisdiction over plaintiff's request for an injunction on the non-statutory grounds of waiver or estoppel. To the extent that plaintiff's suit is based on these grounds, it must be dismissed.

In conclusion, the defendant's motion for summary judgment is granted with respect to plaintiff's claim that the IRS violated statutory requirements in the notices of deficiency sent to her for the taxable years 1960 and 1961. With respect to the claim that the notice of deficiency for 1959 violated statutory requirements, defendant's motion is denied. To the extent that plaintiff's request for an injunction is grounded on theories of waiver or estoppel, it is dismissed.