John C. BENNETT, Appellant,

v.

UNITED STATES DIRECTOR OF INTERNAL REVENUE, Appellee.

No. 72–1932.

United States Court of Appeals,
Fourth Circuit.

Sept. 15, 1972.

Certiorari Denied Jan. 15, 1973.
See 93 S.Ct. 950.

---

John C. Bennett, pro se.

Keith S. Snyder, U. S. Atty., W. D., North Carolina, and Hugh J. Beard, Jr., Asst. U. S. Atty., for appellee.

Before BUTZNER, RUSSELL and FIELD, Circuit Judges.

PER CURIAM:

This is an appeal from a district court order dismissing, for lack of jurisdiction, a petition to enjoin the collection of federal income taxes. Bennett has also filed a motion for a stay of execution of the order.

The controlling statute in this case is 26 U.S.C. § 7421(a): "[N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." Until the Supreme Court decision in Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422 (1932), the prohibition was considered to be absolute. In that decision the Court held:

"[I]n cases where complainant shows that in addition to the illegality of an exaction in the guise of a tax there exist special and extraordinary circumstances sufficient to bring the case within some acknowledged head of equity jurisprudence, a suit may be maintained to enjoin the collector . . . ." 284 U.S. at 509, 52 S.Ct. at 263.

In 1962 the Supreme Court tightened significantly the circumstances under which the granting of an injunction would be proper. The Court stated that in addition to "special and extraordinary circumstances," the plaintiff's claim must be one where "it is clear that under no circumstances could the Government ultimately prevail . . . ." Enochs v. Williams Packing & Nav. Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). The Court added:

"We believe that the question of whether the Government has a chance of ultimately prevailing is to be determined on the basis of the information available to it at the time of the suit. Only if it is then apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained. Otherwise, the District Court is without jurisdiction, and the complaint must be dismissed." 370 U.S. at 7, 82 S.Ct. at 1129.

This Court subsequently cited Enochs in holding: "[E]ven though the complaint alleges hardship and oppression, it is inadequate to confer subject-matter jurisdiction on the court unless it appears that 'under the most liberal view of the law and the facts, the United States cannot establish its claim.'" Johnson v. Wall, 329 F.2d 149, 151 (4th Cir. 1964).

A review of decisions of other Circuit Courts of Appeals indicate that they have given the same meaning to Enochs. See, e. g., Trent v. United States, 442 F.2d 405 (6th Cir. 1971); Thrower v. Miller, 440 F.2d 1186 (9th Cir. 1971); Collins v. Daly, 437 F.2d 736 (7th Cir. 1971); Pizzarello v. United States, 408 F.2d 579 (2d Cir. 1969).

In this case Bennett has alleged only that he is insolvent and unable to pay the tax, and that the levy results from a conspiracy between the Greensboro Director of the Internal Revenue Service and the North Carolina bar. He has made no allegation that the tax for which collection is sought is illegal, nor has he established any basis for a finding that the government will be unable to prevail on its claim.

We deny petitioner's motion for a stay of execution and affirm the judgment of the district court dismissing Bennett's petition.

Affirmed.