**Martha J. Brown KAESTNER, Plaintiff-Appellant,**

v.

**Frank S. SCHMIDT, District Director of Internal Revenue, Los Angeles District, United States of America, Defendants-Appellees.**

No. 71–2121.

United States Court of Appeals, Ninth Circuit.

Feb. 13, 1973.

Rehearing Denied April 10, 1973.

---

Robert H. Wyshak (argued), of Wyshak & Wyshak, Los Angeles, Cal., for plaintiff-appellant.

David H. Olson, Atty. (argued), Meyer Rothwacks, Crombie J. D. Garrett, and John A. Townsend, Attys., Fred B. Ugast, Acting Asst. Atty. Gen., Scott P. Crampton, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., Robert L. Meyer, U. S. Atty., Mason C. Lewis, Asst. U. S. Atty., Los Angeles, Cal., for defendants-appellees.

Before BARNES and JERTBERG, Circuit Judges, and EAST,[*] District Judge.

PER CURIAM:

Appellant filed a complaint in the District Court seeking, among other relief, to restrain appellees from collecting income taxes plus penalties assessed against her for the years 1959, 1960, and 1961.

The District Court, 329 F.Supp. 1082, denied appellees' motion for summary judgment in respect to the year 1959,[**] granted the motion for summary judgment as to years 1960 and 1961, and dismissed the action "to the extent that plaintiff's request for an injunction is grounded on theories of waiver or estoppel, * * *."

Appellant appeals from "the order granting defendant's motion for summary judgment and from the summary judgment dismissing plaintiff's complaint and denying a permanent injunction entered May 6, 1971." [1]

Appellant asserts: (1) that the notice of deficiency sent to her for the year 1960, and for the year 1961, did not comply with statutory requirements, and that the subsequent assessment based on each such notice of deficiency is invalid and enjoinable under provisions of the Internal Revenue Code of 1954 (26 U.S.C. § 6213), and (2), that agents of appellees, in their dealings with appellant relating to a Tax Court proceeding instituted by her former husband in respect to both his and her tax deficiencies for the three years in question, induced her to assist in procuring, to her detriment, her dismissal from the Tax Court proceedings on the representation that appellees would refrain from attempting to collect the taxes assessed against her, and that by such and other conduct appellees are estopped from attempting to collect the same.

Appellant contends that the District Court erred in granting a summary judgment denying a permanent injunction against the collection of income taxes assessed against her for the year 1960 and the year 1961 because the record presents genuine issues of material facts neces-

---

[*] The Honorable William G. East, United States Senior District Judge for the District of Oregon, sitting by designation.

[**] See footnote 1.

1. Since the district court denied appellees' motion for summary judgment as to the year 1959, this appeal is not concerned with the invalidity of the 1959 notice of deficiency.

sary to a determination of the legal sufficiency of the notice of deficiency mailed to her in each such year.

We have reviewed the pleadings, affidavits, and other material which were before the District Court at the time of granting summary judgment and are satisfied that the record shows no genuine issue as to any material fact, and that the District Judge acted properly in granting summary judgment as a matter of law in respect to income taxes assessed against appellant for the years 1960 and 1961.

We next consider the non-statutory basis upon which appellant seeks to enjoin appellees from collecting taxes assessed for the years 1960 and 1961, which basis the District Court stated "is essentially that of estoppel." We will likewise use such term in describing such basis.

In disposing of such basis the District Court stated:

"This Court is precluded from granting the defendant's motion for summary judgment with respect to plaintiff's estoppel claim *not only because there are material issues of fact disputed,* but because it has no jurisdiction over these claims. In view of the conflicting evidence and the Government's assertion, supported by affidavits, that it did not represent to plaintiff that it would refrain from attempt to collect taxes from her for the years 1959, 1960, and 1961, it is not clear that the Government is estopped from presently proceeding against the plaintiff. Consequently, this Court has no jurisdiction over plaintiff's request for an injunction on the nonstatutory grounds of waiver or estoppel. To the extent that plaintiff's suit is based on these grounds, it must be dismissed.

"In conclusion, the defendant's motion for summary judgment is granted with respect to plaintiff's claim that the IRS violated statutory requirements in the notices of deficiency sent to her for the taxable years 1960 and 1961. With respect to the claim that

the notice of deficiency for 1959 violated statutory requirements, defendant's motion is denied. To the extent that plaintiff's request for an injunction is grounded on theories of waiver or estoppel, it is dismissed." (Emphasis added.)

The appellant contends that the District Court erred in its partial dismissal of her action for lack of jurisdiction, and to the contrary asserts that the Court had jurisdiction and that since the record relating to estoppel discloses material issues of fact, the Court was precluded from ordering the partial dismissal without holding an evidentiary hearing to resolve the same.

We agree with the statement of the District Court that the record presents "material issues of fact disputed" in respect to estoppel, and that it lacked jurisdiction.

26 U.S.C. § 7421(a) prevents suits ". . . for the purpose of restraining the assessment or collection of any tax . . ." In Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422 (1932), the Supreme Court enunciated a judicial exception to the statutory proscription. It held that if the Government could not prevail, and the taxpayer otherwise satisfied the requirements for equity jurisdiction, a United States district court could entertain a suit for injunctive relief against the collection of taxes. That rule was clarified and affirmed in Enochs v. Williams Packing Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). Under this rule, the narrow question becomes what the Government must allege to avoid the *Nut Margarine* exception. This Court addressed this issue in Thrower v. Miller, 440 F.2d 1186 (9th Cir. 1971).

"In order to determine whether the government has a chance of ultimately prevailing, the court must look to the evidence presented at the time of the suit. Only if it is then manifest, under the most liberal view of the law and the facts, that the government cannot prove its claim, may the suit for

an injunction be maintained." Id. at 1187.

The district court found "material issues of fact disputed" and concluded that it was possible for the Government to prevail. Based on this determination, and the rule in *Thrower,* the district court was correct in holding it was without jurisdiction to hear the estoppel claim, *Nut Margarine* notwithstanding. Appellant's proper remedy is either through the Tax Court, or to pay the tax, and sue for a refund in federal court.

The order of the district court is affirmed.