**Beth Koehler DIEHL**

v.

**UNITED STATES of America et al.**

**Civ. A. No. 73–H–785.**

United States District Court,
S. D. Texas,
Houston Division.

Nov. 28, 1973.

Dougal C. Pope, Houston, Tex., for plaintiff.

Olney Wallis, Asst. U. S. Atty., Houston, Tex., for defendants.

*MEMORANDUM AND ORDER:*

SINGLETON, District Judge.

On June 11, 1973, Beth Koehler Diehl brought suit to enjoin the United States

government and Robert L. Phinney, District Director of Internal Revenue, from collecting or attempting to collect back tax assessments for the year 1957. The government filed its motion to dismiss based primarily upon its contention that such a suit is expressly forbidden by § 7421(a) of the Internal Revenue Code of 1954 [26 U.S.C. § 7421(a)]. Section 7421(a) provides, in part, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." [1]

Enochs v. Williams Packing Co., 370 U.S. 1, 7, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962) established that the purpose of § 7421(a) is to allow the United States to assess and collect taxes it alleges are due without judicial intervention so that it is assured of prompt collection of revenue. A party who asserts that the funds are illegally assessed may bring suit for a refund, after the collection of the revenue.[2] Only if it is clear that "under no circumstances could the government ultimately prevail" would the purpose of the act be inapplicable. The court had earlier characterized such a situation as "the guise of a tax." Miller v. Standard Nut Margarine Co., 284 U.S. 498, 52 S. Ct. 260, 76 L.Ed. 422 (1931). The party seeking the injunction must show further that he is entitled to equitable relief. The district court is first to examine the law and the facts under the most liberal view of the law and to determine on the basis of the information available to the government at the time of the suit whether or not the United States could establish its claim. If the plaintiff establishes its claim on this point, the court is then to examine the equities.

The lengthy and complicated background of this suit is more fully set forth in Diehl v. United States, 438 F.2d 705 (5th Cir. 1971), an appeal from a

dismissal for lack of jurisdiction entered by the United States District Court for the Eastern District of Texas, Beaumont Division, entered October 31, 1969. Briefly, the suit was brought by Beth Koehler Diehl's former husband, Kent B. Diehl, for a refund on his tax payments for the year 1957. Subsequently, Mr. Diehl died and Beth Kohler Diehl intervened in the refund suit. Thereafter, the United States counterclaimed for unpaid taxes alleged payable for the year 1957. It is the collection of these taxes which Mrs. Diehl seeks to enjoin in the instant suit.

Mrs. Diehl's contention is that the government's attempts to collect from her would be void as a matter of law because the counterclaim brought by the government in the refund case was dismissed in 1969. Mrs. Diehl alleges that this was an adjudication on the merits and would bar further litigation of the matter. The government answers that the order dismissing the case stated that it was for lack of jurisdiction and would therefore bring the case under Rule 41(b) of the Federal Rules of Civil Procedure which reads in part:

> "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction . . . operates as an adjudication upon the merits."

Mrs. Diehl asks this court to go behind the order entered by the court in the Eastern District of Texas to find that in truth there was no lack of jurisdiction over the government's counterclaim and for that reason the adjudication was on the merits. Mrs. Diehl does not dispute the fact that the merits of the case were never reached by the Beaumont court. Because the merits were not reached, that court's erroneous char-

---

1. The statute itself provides two exceptions, neither of which are applicable here.

2. The government suggests that in this case Mrs. Diehl could also defend herself in the suit to reduce the assessment to judgment now pending in Judge Bue's court, C.A. 73–H–1017.

acterization of the order of dismissal, if indeed it was erroneous, can only be taken as an indication that the Beaumont court chose to "otherwise specify" that its order was one which did not reach the merits. This court will not go behind that order. Rather it finds that, as a legal matter, the government's tax claim is not void by reason of prior adjudication of the claim.

█ Although Mrs. Diehl's other claims for this court's jurisdiction are characterized by her as "equitable," one of them might be viewed as a reason why the government could not legally recover the taxes. Mrs. Diehl claims that she is an "innocent spouse" under § 6013(e) of the Internal Reveune Code [26 U.S.C. § 6013(e)]. This section provides that:

"Spouse relieved of liability in certain cases—

(1) In General—Under regulations prescribed by the Secretary or his delegate, if—

(A) a joint return has been made under this section for a taxable year and on such return there was omitted from gross income an amount properly includable therein which is attributable to one spouse and which is in excess of 25 percent of the amount of gross income stated in the return,

(B) the other spouse establishes that in signing the return he or she did not know of, and had no reason to know of, such omission, and

(C) taking into account whether or not the other spouse significantly benefited directly or indirectly from the items omitted from gross income and taking into account all other facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such omission,

then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent that such liability is attributable to such omission from gross income . . . ."

Mrs. Diehl alleges no facts to support her contention that she is an "innocent spouse." It can be assumed that her allegation in paragraph 13 of her petition that the $552,455 of ordinary income for which the tax deficiency was assessed were never actually received by the Diehls, would be used as the basis for an allegation that she did not "significantly benefit directly or indirectly from the items omitted from gross income." She does not allege, however, that she did not know of the omission from income; further, relieving her from liability would be a matter of equitable consideration for the court, taking into account all other facts and circumstances, as well as the factor of significant benefit. The bare allegation that she is an "innocent spouse" is not enough to show that "under the most liberal view of the law and the facts, the United States cannot establish its claim."

Mrs. Diehl makes several other equitable claims, but in light of her failure to satisfy the first prong of the *Enochs* test, these are insufficient to bring the case out of § 7421(a). "[S]uch a suit may not be entertained merely because collection would cause irreparable injury . . . ." *Enochs*, 370 U.S. at 6, 82 S.Ct. at 1129.

It is, therefore, ordered, adjudged, and decreed that the suit be and the same is hereby dismissed for want of jurisdiction.

Further, the Motion to Consolidate with C.A. 73–H–1017, being moot, is hereby denied.