487 F.2d 1397
 74-1 USTC P 9142
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Free State Realty Company, Inc., Appellant
v.
United States of America, et al., Appellee.
 No. 73-1475.
 United States Court of Appeals, Fourth Circuit.
 Dec. 19, 1973.
 
 Before HAYNSWORTH, Chief Judge, BOREMAN, Senior Circuit Judge and WIDENER, Circuit Judge.
 
 WATKINS, District Judge
 PER CURIAM
 
 1
 This case is before us on the government's motion to dismiss Free State Realty's appeal from the district court's order of February 8, 1973.
 
 
 2
 Free State received notice on January 11, 1973 of an Internal Revenue Service levy issued upon its bank account with the Baltimore Federal Savings and Loan Association to satisfy tax deficiencies in the amount of $26,547.44 covering taxable years 1958-1964. On January 17, Free State filed suit to quash the levy and to require the Savings and Loan Association to hold all the funds in Free State's account until the conclusion of the litigation. In essence, Free State's complaint sought to enjoin the collection of federal taxes.
 
 
 3
 On February 8, Free State filed a motion requesting the district court to issue an order "[t]hat the relief prayed for in this Complaint is temporarily granted and that the Defendants have ______ days to show cause why the relief prayed for should not be permanently granted." The court denied the motion after hearing argument of counsel for both parties. On February 13, the levy was enforced when the IRS received from the Savings and Loan Association a check drawn on Free State's account for $26,547.44.
 
 
 4
 Free State noted an appeal from the district court's refusal to sign its suggested order, and the government subsequently filed a motion to dismiss the appeal on grounds of mootness and lack of jurisdiction. The government contends that Free State's complaint was rendered moot by the satisfaction of the levy which was effected on February 13. We find this argument unpersuasive, for "where a defendant, with notice of the filing of a bill for an injunction, proceeds to complete the acts sought to be enjoined, the court may, by mandatory injunction, compel a restoration of the status quo." Texas & N.O.R. Co. v. North Side Belt Ry. Co., 276 U.S. 475, 479 (1928).
 
 
 5
 If the district court's order of February 8 was in the nature of an order denying a temporary restraining order, it would properly be held to be non-appealable, but if it was the denial of a preliminary injunction, then it would be an appealable interlocutory order under 28 U.S.C. Sec. 1292(a)(1). Belknap v. Leary, 427 F. (2d) 496 (2nd Cir.1970); Smith v. Grady, 411 F. (2d) 181 (5th Cir.1969).
 
 
 6
 In distinguishing between a preliminary injunction and a temporary restraining order, we must consider the subject matter of the order, its expected duration, and whether or not both parties were heard prior to its issuance. Austin v. Altman, 332 F. (2d) 273 (2nd Cir.1964). A restraining order contemplates a limited type of injunction of short duration,[1] which may be issued ex parte without notice. Weintraub v. Hanrahan, 435 F.2d 461 (7th Cir.1970). In the instant case, both parties were given an opportunity to be heard by the court, and no time limit on the effective period of the temporary injunctive relief requested was specified. We conclude that the order entered by the district court on February 8 was an appealable interlocutory order denying a preliminary injunction.
 
 
 7
 We must next consider whether the district court properly exercised its discretion refusing to grant a preliminary injunction. When the statutory exceptions to 26 U.S.C. Sec. 7421(a) are inapplicable, as they are here, a taxpayer, in order to obtain an injunction against the collection of federal taxes, not only must show "special and extraordinary circumstances" but also must demonstrate that "it is clear that under no circumstances could the government ultimately prevail...." Enochs v. Williams Packing Co. 370 U.S. 1, 7 (1962); Bennett v. United States Director of Internal Revenue, 468 F.2d 584 (4th Cir.1972), cert. den. 409 U.S. 1128 (1973). The deficiencies involved in this case were agreed to by the parties in the Tax Court. The only ground asserted by Free State for granting an injunction is that, in view of a settlement pending in the Tax Court involving related corporations and taxable years subsequent to 1964, failure to enjoin collection of the assessed deficiencies for 1958-1964 would result in a multiplicity of refund suits by several corporations. While a showing that a taxpayer will have to bring a multiplicity of refund suits may be a factor in determining whether there are exceptional and extraordinary circumstances warranting injunctive relief, Martin v. Andrews 238 F. (2d) 552 (9th Cir.1956), such circumstances are not established by showing that, unless the injunction issues, many taxpayers will each have to bring an individual refund suit. Martin, 238 F. (2d) at 557. Free State's contention that, if an injunction is not issued, many corporations will be required to file refund suits, falls within the latter category of unexceptional circumstances. Moreover, this argument completely fails to establish any basis for a finding that the government will be unable to prevail on the merits. Accordingly, we find that the district court acted properly in denying Free State's request for a preliminary injunction.
 
 
 8
 In the present case, the disposition of the interlocutory appeal necessarily required a consideration of the ultimate issue in this litigation; namely, whether or not the IRS should be enjoined from enforcing the levy against Free State's bank account. Since we have concluded that Free State has failed to establish that the United States cannot prevail on its claim, we remand the case to the district court to dismiss this action in its entirety.
 
 
 9
 AFFIRMED AND REMANDED WITH INSTRUCTIONS.
 
 
 
 [1]
 Rule 65(b) of the Federal Rules of Civil Procedure states that a temporary restraining order shall expire within ten days following its entry