Julius RAPPAPORT, a/k/a Jerome Hirsh, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 76 C 887.

United States District Court, N. D. Illinois, E. D.

Sept. 21, 1976.

Richard E. Gorman, Chicago, Ill., for plaintiff.

Samuel K. Skinner, U. S. Atty., Chicago, Ill., Joseph M. Gontram, Tax Div., U. S. Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OPINION

GRADY, District Judge.

In this action, plaintiff seeks a declaratory judgment that the tax assessments made against him by defendant for the year 1970 are excessive and void. Plaintiff also prays for an injunction prohibiting defendant from attempting to collect the taxes. The assessment followed plaintiff's plea of guilty to two indictments charging him with embezzlement of funds totalling $181,-610.00. Before the court is defendant's motion to dismiss the complaint, or, in the alternative, for summary judgment. Since defendant has attached an affidavit to its motion, we will treat the motion as one for summary judgment. The motion will be granted.

The Declaratory Judgment Act, 28 U.S.C. § 2201, specifically excludes federal tax cases from its coverage, and this bars a suit seeking declaratory relief with regard to federal taxes. *United States v. Teitelbaum*, 342 F.2d 672 (7th Cir. 1965), *cert. denied*, 382 U.S. 831, 86 S.Ct. 71, 15 L.Ed.2d 75 (1965). Therefore, we are without jurisdiction to grant declaratory relief.

As to the injunctive relief requested by plaintiff, the Internal Revenue Code provides that suits to restrain the assessment or collection of any tax are barred, with certain exceptions. 26 U.S.C. § 7421(a). One of those exceptions is where notice of the deficiency is not mailed to the taxpayer prior to assessment. 26 U.S.C. § 62. Plaintiff argues that this exception is applicable here. We disagree.

The affidavit of Robert J. Dath, District Director of Internal Revenue in Cleveland, Ohio, states that according to the records of his office, the notice of deficiency was mailed to plaintiff on November 15, 1973, by certified mail. Since plaintiff had moved to Chicago without leaving a forwarding address and had assumed a different name, he did not receive the notice. However, § 6212(a) does not require actual receipt of the notice. *Brown v. Lethert*, 360 F.2d 560 (8th Cir. 1966); *Cohen v. United States*, 297 F.2d 760 (9th Cir.), *cert.*

*denied*, 369 U.S. 865, 82 S.Ct. 1029, 8 L.Ed.2d 84 (1962); *Luhring v. Glotzbach*, 304 F.2d 556 (4th Cir. 1962). Therefore, defendant has complied with the statute and the exception is inapplicable to this case.

In addition to the statutory exceptions to § 7421(a), the Supreme Court has allowed suits for injunctions in tax cases in extreme situations, upon a showing that: (1) under the most liberal view of the law and the facts, the United States cannot establish its claim, *and* (2) plaintiff will sustain irreparable injury for which there is no adequate remedy at law. *Enochs v. Williams Packing and Navigation Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). We believe plaintiff has failed to satisfy this test.

As to the first requirement, there is no question that embezzled funds are taxable income to the embezzler. *James v. United States*, 366 U.S. 213, 81 S.Ct. 1052, 6 L.Ed.2d 246 (1961). Plaintiff argues that since he is making restitution of the embezzled funds at the rate of $500.00 per month, the funds were really a loan and therefore not subject to income tax. Plaintiff's sole authority for the proposition is *Buff v. Commissioner of Internal Revenue*, 496 F.2d 847 (2d Cir. 1974), which held embezzled funds taxable where a taxpayer had made an agreement to repay but had failed to perform under the agreement. Plaintiff argues that the court left open the question of taxability where, as here, the taxpayer is repaying the embezzled funds.

First, if *Buff* could be read to support plaintiff's contention, and we do not believe it could, we disagree with that result. As stated in *James v. United States, supra*, embezzled funds are income to the taxpayer in the year of embezzlement and are deductible by the taxpayer in the year in which they are returned. Therefore, defendant properly calculated the tax deficiency for 1970 based on the total of the embezzled funds received by plaintiff in that year. This theory is consistent with the concept of annual accounting for a cash-basis taxpayer. As stated by Judge Oakes in his concurring opinion in *Buff:*

In short, giving credence in the case of a cash basis taxpayer to an agreement to repay, whether in the same year of receipt, is a gross misuse of the annual accounting concept; a repayment agreement per se should be viewed as a nullity for tax purposes. 496 F.2d at 849.

Second, plaintiff did not enter into the repayment agreement voluntarily. The agreement providing for restitution was a condition of his sentence. This defeats the contention that this was a "single transaction" between plaintiff and his employer.

Finally, plaintiff's argument that his tax liability is an open question falls of its own weight. Doubt about the taxpayer's liability does not satisfy the first requirement of *Williams Packing, supra.* Plaintiff must show that "under no circumstances could the Government ultimately prevail." *Id.* 370 U.S. at 7, 82 S.Ct. at 1129.

Since plaintiff has failed to satisfy this first requirement of *Williams Packing,* we need not reach the question as to whether there will be an irreparable injury with an inadequate remedy at law. We have no jurisdiction to enjoin defendant's collection efforts.

Defendant's motion for summary judgment is granted.