TERRY J. BALL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ball v. Commissioner
Docket No. 15030-80.
United States Tax Court
T.C. Memo 1981-221; 1981 Tax Ct. Memo LEXIS 523; 41 T.C.M. (CCH) 1431; T.C.M. (RIA) 81221; May 4, 1981. Charles L. Abrahams, for petitioner. Donald W. Wolf, for respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special *524 Trial Judge Randolph F. Caldwell, Jr., pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE CALDWELL, Special Trial Judge: Respondent determined a deficiency in petitioner's Federal income tax for the year 1976 in the amount of $ 1,718.98. Respondent filed a motion to dismiss for lack of jurisdiction on the ground that the petition herein was not filed within the time prescribed by section 6213(a). Petitioner filed a motion to dismiss on the ground that the respondent's notice of deficiency was not mailed to petitioner's last known address. FINDINGS OF FACT On April 9, 1980, respondent sent by certified *525 mail a statutory notice of deficiency to petitioner, c/o Charles Abrahams, 4820 Mount Helix Drive, La Mesa, California 92041, for the taxable year 1976. The address of petitioner's counsel, Charles Abrahams, who prepared and filed petitioner's 1976 return, was given by petitioner on his return. In 1976, petitioner, who was a Canadian citizen, was employed as a professional hockey player in the United States pursuant to an H-2 visa. During 1976 petitioner played for the Cincinnati Stingers, Cleveland Crusaders and the Birmingham Bulls hockey teams. Petitioner timely filed his 1976 income tax return with the Cincinnati Internal Revenue Service Center. Attached to the 1976 return was a W-2 form from the Cleveland Crusaders Ltd., designating petitioner's address as 2923 Streetsboro Rd., Richfield Township, Ohio 44286. From August 1977 to March 1978, and from August 1, 1978 until March 1979, petitioner played professional hockey in Finland. Petitioner did not timely file a Federal income tax return for the years 1977 and 1978, [3] nor did he file any notices of a change of address. In March of 1979, petitioner returned to the United States and resided in Ohio. Petitioner filed *526 his 1979 Federal income tax return with the Cincinnati, Ohio Internal Revenue Service Center on April 25, 1980, giving his address as 2864 Pease Drive, # 102, Rocky River, Ohio 44116. In January or February of 1980, Charles Abrahams spoke with Mr. Laughlin of the Los Angeles district office of the Internal Revenue Service concerning an extension of the statute of limitations for various hockey players that he was representing. Mr. Abrahams informed Mr. Laughlin that he did not have an executed power of attorney for the petitioner nor did he know where petitioner was residing. On April 9, 1980, Charles Abrahams received the statutory notice of deficiency addressed to petitioner. Charles Abrahams filed a petition with this Court on August 5, 1980, 118 days after he received the notice of deficiency. OPINION The Secretary of the Treasury or his delegate is authorized pursuant to section 6212(a) to send a notice of deficiency to a taxpayer when it has been determined that a deficiency exists. Section 6212(b)(1) provides, with an exception not here pertinent, that a notice of deficiency shall be sufficient if it is mailed to the taxpayer's last known address. Within 90 days, *527 or 150 days if the notice is addressed to a person outside the United States, the taxpayer may file a petition with this Court for a redetermination of the proposed deficiency. Section 6213(a); Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367, 372 (1974), affd. 538 F.2d 334 (9th Cir. 1976). A taxpayer's last known address is his last known permanent address or his legal residence, or it is his last known temporary address to which the taxpayer has requested all communications to be sent. McCormick v. Commissioner, 55 T.C. 138, 141 (1970). Respondent must consider all the surrounding facts and circumstances to determine where he reasonably believes the taxpayer would wish the notice to be sent. Looper v. Commissioner, 73 T.C. 690, 696 (1980). However, the burden is on the taxpayer to provide the Commissioner with clear and concise notification of a change of address. Weinroth v. Commissioner, 74 T.C. 430, 435 (1980). Until such notification is received, the respondent can rely on the address listed on the taxpayer's Federal income tax return for the year the notice of deficiency is being issued. *528 Weinroth v. Commissioner, supra at 435-436; Alta Sierra Vista, Inc. v. Commissioner, supra at 374. Petitioner asserts that the notice of deficiency should have been sent to either his Ohio address or the National Hockey League. Petitioner believes that respondent should have used the address listed on his 1979 Federal income tax return as his last known address for purposes of sending the notice of deficiency for the year under investigation. However, petitioner's 1979 return was filed 20 days after the issuance of the notice of deficiency. Further, respondent is under no duty to check subsequent returns in order to verify the address listed on the taxpayer's return. Alta Sierra Vista, Inc. v. Commissioner, supra at 376-377; Budlong v. Commissioner, 58 T.C. 850, 852-853 (1972). Petitioner also argues that if the notice of deficiency had been sent to the National Hockey League it would have been forwarded to Canada and therefore petitioner would have had 150 days in which to file a petition with this Court. In issuing a notice of deficiency the respondent is not required, even if it were feasible, *529 to track down every taxpayer in order to ascertain his address. Nor do we read section 6213(a) as providing that if a taxpayer's mail may be forwarded outside the United States he is entitled to the 150 days in which to file his petition with this Court. In order for section 6213(a) to apply, the notice of deficiency must be addressed to a person outside the United States. Levy v. Commissioner, 76 T.C. No.     (February 12, 1981). Since petitioner was residing in Ohio at the time the notice was sent and never informed the Commissioner as to a change of address, the respondent acted reasonably in relying on the address listed on petitioner's 1976 return. Petitioner raises the further argument that respondent should have relied on the address listed on the W-2 form attached to the 1976 return. Petitioner believes that had respondent used this address the notice of deficiency might have been forwarded to a Canadian address. The W-2 form was submitted contemporaneously with the 1976 return in which petitioner stated that his present address was the La Mesa address. Having specifically designated the La Mesa address as his present address, petitioner cannot now be heard *530 to claim that the W-2 constituted clear and concise notification of a change of address. Furthermore, the employer listed on the W-2 form was the Cleveland Crusaders, Ltd., and inasmuch as petitioner was employed by that organization for less than one month it cannot be inferred that the Ohio address superceded the La Mesa address. The communication between Charles Abrahams and Mr. Laughlin did not constitute clear and concise notification of a change in petitioner's address. Mr. Abrahams admitted that he had no authority to act on behalf of petitioner and therefore he could not effect a change in petitioner's last known address. Nor could Mr. Abrahams at that time inform respondent of a last known address for petitioner as he had no idea where petitioner was located. Even though respondent received notification that petitioner was no longer using the La Mesa address, the notice of deficiency was sufficient until and unless respondent received clear and concise notification of a new address. Kaestner v. Schmidt, 329 F. Supp. 1082 (1971). [4] Inasmuch as the address listed on the last official communication with the Commissioner, the 1976 return, showed the La *531 Mesa address, that address constitutes petitioner's last known address for purposes of section 6212. The fact that petitioner never received the notice of deficiency does not render the notice insufficient. Cataldo v. Commissioner, 60 T.C. 522 (1973), affd. 499 F.2d 550 (2nd Cir. 1974). Petitioner filed his petition 118 days after the date of the mailing of the notice of deficiency, and thus his petition is not timely filed. Section 6213. Dismissing petitioner's *532 case, as must be done, does not, of course, foreclose petitioner from judicial consideration of his differences with the Service regarding his 1976 return. He has but to pay the tax, file a claim for refund, which, if denied, will permit petitioner to bring a suit for refund either in the appropriate United States District Court or in the Court of Claims. Respondent's motion to dismiss for lack of jurisdiction will be granted, and petitioner's motion to dismiss on the ground that the deficiency notice was not mailed to his last known address will be denied. An appropriate order will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
3. Petitioner did not file a return for 1977 in 1980. He has not filed a return for 1978.↩
4. So far as the record indicates, the last-known address for petitioner that was in the respondent's computer system at the time the notice of deficiency was issued on April 9, 1980, was the Streetsboro Road address in Richfield Township, Ohio. But that was not at that time a correct address for petitioner. So that even if resort to the computer system had been had by respondent, it would not have yielded a better address than the LaMesa, California address which was used. The fact of the matter is that petitioner's counsel had the notice in ample time to have timely filed the petition. That he did not do so, thinking (incorrectly) the petitioner was in Canada, is not material.↩