**Cheryl McGOWAN, Plaintiff,**

v.

**The UNITED STATES of America and the Director of Internal Revenue Service, Defendants.**

No. 84 C 3890.

United States District Court, N.D. Illinois, E.D.

Nov. 29, 1984.

Willis E. Brown, Chicago, Ill., for plaintiff.

James J. Kubik, Asst. U.S. Atty., Chicago, Ill., Robert W. Kern, Dept. of Justice, Tax Div., Washington, D.C., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Cheryl McGowan ("McGowan") brings this action against the United States of America and the Director of the Internal Revenue Service ("the IRS") to enjoin the collection of certain outstanding taxes and penalties assessed against her for the taxable year ending December 31, 1974. McGowan asserts that she is an "innocent spouse" within the meaning of 26 U.S.C. § 6013(e) and therefore is not liable for additional taxes and penalties following her ex-husband's embezzlement conviction. Defendants have moved to dismiss McGowan's complaint on various grounds: insufficient service of process, sovereign immunity, lack of subject matter jurisdiction, failure to state a claim upon which relief can be granted and res judicata. As explained below, defendants' motion to dismiss is

granted because this Court is without subject matter jurisdiction.[1]

■ McGowan invokes three statutory jurisdictional bases for this action: 26 U.S.C. § 7402(a), 28 U.S.C. § 1346(a) and 28 U.S.C. § 1340. The first of these statutory provisions, Section 7402(a) of the Internal Revenue Code ("the Code"), clearly does not apply to this case. Section 7402(a) grants the district courts jurisdiction, *inter alia*, to issue injunctive orders "at the instance of the United States" to help enforce the internal revenue laws. It applies only to injunctive relief sought *by* the United States, not against the government, as in this case.

■ The second statute, 28 U.S.C. § 1346(a), provides for civil actions against the United States by taxpayers seeking a *refund* of taxes.[2] However, McGowan is not seeking a refund of taxes and penalties she has already paid but is attempting to enjoin defendants from collecting certain assessments in the first place. McGowan cannot sue for a refund of taxes until the assessed income tax liability has been paid in full. *See Flora v. United States*, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960). Thus, Section 1346(a) does not grant this Court jurisdiction to enjoin the government's collection efforts.

■ McGowan also cites 28 U.S.C. § 1340 as a basis for jurisdiction. However, Section 1340 does no more than state generally that the district courts have original jurisdiction of civil actions brought under the internal revenue laws. Its scope is not without limits, but in fact is restricted by 26 U.S.C. § 7421(a). Section 7421(a) of the Code, commonly referred to as the Anti-Injunction Act, provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person...."[3] The prohibition of Section 7421(a) has been strictly enforced by the courts and consistently upheld by the United States Supreme Court. *See, e.g., Bob Jones University v. Simon*, 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974); *Alexander v. "Americans United" Inc.*, 416 U.S. 752, 94 S.Ct. 2053, 40 L.Ed.2d 518 (1974). Section 7421(a) applies equally to attempts at enjoining the collection of tax assessments as well as penalties. *E.g., Cox v. Commissioner*, 51 A.F.T.R.2d 83–685, 83–686 (E.D. Mich.1983); *Crouch v. United States*, 447 F.Supp. 385, 386 (N.D.Cal.1978). Thus, the Anti-Injunction Act appears to bar McGowan's suit.

■ Before reaching this conclusion, however, we must also consider the one judicial exception to Section 7421(a). In *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), the Supreme Court ruled that a taxpayer may still obtain injunctive relief by establishing that: (1) under the most liberal view of the facts and the law, the government cannot possibly prevail on the merits; *and* (2) the taxpayer has no adequate remedy at law. *Id.* at 7, 82 S.Ct. at 1129.

McGowan has failed to satisfy the requirements of the *Williams Packing* exception. She alleges that she is an "innocent spouse" within the scope of 26 U.S.C. § 6013(e) and therefore is not liable for any of the additional taxes and penalties assessed against her. However, her bare assertion of innocence is not sufficient to show conclusively that "under the most liberal view of the law and the facts, the United States cannot establish its claim." *Diehl v. United States*, 373 F.Supp. 1069, 1071 (S.D.Tex.1973); *see also Kirtley v. Bickerstaff*, 488 F.2d 768 (10th Cir.1973), *cert. denied*, 419 U.S. 828, 95 S.Ct. 47, 42 L.Ed.2d 52 (1974); *Rosenbaum v. United*

---

**1.** Accordingly, we need not reach defendant's other arguments supporting dismissal of this suit.

**2.** Generally, a taxpayer must either petition the Tax Court for a redetermination of an assessed tax or pay the tax and then sue for a refund in federal district court. *See, e.g., Flora v. United*

*States*, 362 U.S. 145, 158, 80 S.Ct. 630, 637, 4 L.Ed.2d 623 (1960); *Westgate-California Corp. v. United States*, 496 F.2d 839, 841 (9th Cir.1974).

**3.** The statute itself enumerates several exceptions, none of which apply to this case.

*States,* 346 F.Supp. 872, 874 (D.Md.1972).[4] Similarly, although McGowan claims that she relied on some representation by the IRS that her tax obligations had been satisfied, she has fallen far short of the requisite certainty mandated by *Williams Packing* for avoiding the Anti-Injunction Act. *See, e.g., Kaestner v. Schmidt,* 473 F.2d 1294 (9th Cir.1973). Since McGowan has not established certainty of success on the merits, we need not inquire whether she has demonstrated irreparable injury. *Shannon v. United States,* 521 F.2d 56, 61 (9th Cir.1975), *cert. denied,* 424 U.S. 965, 96 S.Ct. 1458, 47 L.Ed.2d 731 (1976); *Rappaport v. United States,* 419 F.Supp. 1236, 1238 (N.D.Ill.1976), *aff'd,* 583 F.2d 298, 302 (7th Cir.1978).

Thus, McGowan's suit does not fall under any exception to the Anti-Injunction Act, and this Court is without subject matter jurisdiction. Accordingly, defendants' motion to dismiss is granted. It is so ordered.

**4.** Moreover, in her memorandum opposing defendants' motion to dismiss, McGowan does not even address all of the elements of the innocent spouse provision. She asserts that she was an innocent party who knew nothing of the activities which caused the increased tax assessment, but she is silent as to whether she benefited, either directly or indirectly, from the items omitted from gross income. *See* 26 U.S.C. § 6013(e)(1)(C). Thus, McGowan has failed to demonstrate that she is *certain* to prevail in her claim.