Mardy David ROSS, individually and as Trustee for Ross Family Trust I, and Lisa Ross Allen, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 93–701–CIV–5–H.

United States District Court,
E.D. North Carolina,
Raleigh Division.

March 28, 1994.

Herman Wolff, Jr., Raleigh, NC, for plaintiffs.

William K. Rounsborg, U.S. Dept. of Justice, Tax Div., Washington, DC, for defendant U.S.

### ORDER

MALCOLM J. HOWARD, District Judge.

This matter is before the court on plaintiffs' motion for a temporary restraining order and defendant's motion to dismiss. Plaintiffs allege that the United States, through the Internal Revenue Service ("IRS"), now maintains a tax lien against certain real property owned by the plaintiffs. Plaintiffs seek an order restraining the United States from proceeding against their property. The United States filed a motion to dismiss on the grounds that plaintiff's claims for injunctive relief are barred by the Anti–Injunction Act, 26 U.S.C. § 7421(a). The time in which to respond to the motions has elapsed, and this matter is now ripe.

Plaintiffs' complaint alleges that the Internal Revenue Service has filed an illegal notice of lien on six parcels of real property conveyed to them by their parents. Plaintiffs received the properties in question by deed of gift in 1983. In 1990, the IRS determined that the plaintiffs' parents owed substantial taxes from the years 1979 through 1982. According to the plaintiffs, the IRS claims that the liens on plaintiffs' property arise out of plaintiffs' status as nominees, agents or transferees of the parents. Plaintiffs further allege that the statute of limitations bars any action by the United States. Plaintiffs seek an order both temporarily and permanently restraining defendant from proceeding against the property in question; a determination that the lien is invalid; and an order removing the cloud from plaintiffs' titles.

The Anti–Injunction Act is in the nature of a jurisdictional bar. *See Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962); *Bennett v. United States Director of Internal Revenue,* 468 F.2d 584 (4th Cir.1972); *Johnson v. Wall,* 329 F.2d 149 (4th Cir.1964). The Act provides that suit to restrain the collection of a tax shall not be maintained by any person. 26 U.S.C. § 7421(a). Plaintiffs seek to restrain the United States from collecting taxes. Their restraining order claims are explicitly barred by the statute. Because the Anti–Injunction Act divests this court of jurisdiction to hear those claims, the court must first address the Government's contention that plaintiffs' claims for a restraining order are barred by the Anti–Injunction Act.

In *Enochs* the Supreme Court discussed a judicial exception to the Anti–Injunction Act which permits a taxpayer to restrain the assessment or collection of a tax if he can show that "under the most liberal view of the law and the facts, the United States cannot establish its claim." *Enochs,* 370 U.S. at 7, 82 S.Ct. at 1129. Plaintiffs filed no response to the defendant's motion to dismiss and make no argument that their case falls within the exception. Nonetheless, in the interests of fairness, the court will determine whether the exception applies to this matter.

A tax lien attaches upon assessment and continues until the tax liability is discharged. 26 U.S.C. §§ 6321, 6322. Therefore plaintiffs' contention that the statute of limitations bars the Government's lien must fail. The court notes that any challenges to the validi-

ty of the tax itself have already been decided by the Tax Court in the Government's favor in 1990. The question before this court is whether plaintiffs' land is subject to a lien arising from the tax liability of their predecessors in title.

■ The Government charges that the parents of plaintiffs fraudulently conveyed the land to plaintiffs, and that the transfers may be set aside. Whether a taxpayer has an interest in property to which a lien can attach is a matter of state law. *See Aquilino v. United States,* 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960); *Wilkinson v. United States,* 741 F.Supp. 577 (W.D.N.C.1990). The North Carolina statute governing fraudulent transfers, N.C.Gen.Stat. § 39–15, provides in part that a conveyance may be set aside when the transferor is insolvent and receives insufficient consideration. *Edwards v. Northwestern Bank,* 39 N.C.App. 261, 250 S.E.2d 651 (1979).

Plaintiffs received their property by deed of gift, and so the transfer was for insufficient consideration. The Government need only show that the taxpayers were insolvent in order to void the conveyance, and thereby maintain a lien upon plaintiffs' property. In the alternative, of course, the Government may also demonstrate that the lien attached prior to the transfer.

Plaintiffs have wholly failed to meet their burden to show that the Government cannot establish its claim. The exception to the Anti–Injunction Act does not apply to this matter, and this court lacks jurisdiction to hear plaintiffs' motion for a temporary restraining order or plaintiffs' claims for restraining orders. Therefore the Government's motion to dismiss must be granted and plaintiffs' claims for restraining orders be dismissed.

In conclusion, the Government's motion to dismiss plaintiffs' motion and claims for a restraining order is GRANTED. Plaintiffs' motion for a temporary restraining order is DENIED. Plaintiffs claims to quiet title and to remove the clouds from plaintiff's title to the six parcels of land remain before the court.